THE PEOPLE, ex rel. THE NEW YORK SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN, Appellant, v. EDWARD C. GILMORE, Respondent.

An order of the General Term of the Supreme Court reversing an order of Special Term adjudging a party guilty of criminal contempt of court and punishing him therefor is not reviewable here; it is not for this court to vindicate the authority of the Supreme Court against an alleged contempt which the General Term ignores or does not find.

A proceeding, however, to punish for such a contempt is a criminal proceeding, and the General Term, on reversal of the order of Special Term, has no authority to impose costs upon the relator.

*People, ex rel. v. Gilmore* (26 Hun, 1), reversed as to costs.

(Argued March 22, 1882; decided April 11, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made December 23, 1881, which reversed an order of Special Term, adjudging the defendant guilty of contempt of court, and ordered the relator to pay to defendant the costs of appeal.   (Reported below, 26 Hun, 1.)

The material facts are stated in the opinion.

*Elbridge T. Gerry* for appellant.   One who, having clear knowledge that an injunction has been issued restraining him from doing a certain act, does that act notwithstanding, is punishable for contempt, although service of the injunction upon him personally had not been completed. (*Livingston* v. *Swift*, 23 How. Pr. 1; *People* v. *Brower*, 4 Paige, 405; *Hull* v. *Thomas*, 3 Edw. 236; *Ewing* v. *Johnson*, 34 How. Pr. 202; *Billings* v. *Carver*, 54 Barb. 40; *Poertner* v. *Russell*, 33 Wis. 193; *Conover* v. *Wood*, 5 Abb. Pr. 84; *Mayor, etc., of N. Y.* v. *Conover*, 5 id. 244; *Rorke* v. *Russell*, 2 Lans. 242; *Haskett* v. *State*, 51 Ind. 176; *Neale* v. *Osborne*, 15 How. Pr. 81.) Gilmore was not exonerated because personal knowledge of the attempt to execute the warrant was not proven against him. (*Campbell* v. *State*, 55 Ala. 89; *Welsh* v. *State*, 3 Tex. App. 413; 4 id. 20.)   The General Term erred in punishing the society for attempting to enforce the law.   (Laws of 1875, chap. 130.)

*A. J. Dittenhoefer* for respondent.   The order is not appealable.   (Code, § 190 [formerly § 11]; *People* v. *N. Y. C. R. R. Co.*, 29 N. Y. 421; *Security Bk.* v. *Nat. Bk. of Comm.*, 4 N. Y. S. C. [T. & C.] 520; *Brinkley* v. *Brinkley*, 47 N. Y. 41; *Carrington* v. *Florida*, 52 id. 586; *Batterman* v. *Finn*, 40 id. 340; *Bowery Sav. Bk.* v. *Richards*, 62 id. 631; *Simmonds* v. *Simmonds*, 75 id. 612; *Sixth Ave. R. R. Co.* v. *Gilbert E. R. R. Co.*, 71 id. 434; *Sutton* v. *Davis*, 64 id. 633; *Wallace* v. *Castle*, 68 id. 373; *Anonymous*, 59 id. 313; *Claflin* v. *Beare*, 59 How. 20.)   The alleged resistance to Judge DONOHUE's warrant having been committed out of his presence, he is without jurisdiction to punish therefor.   (R. S. [Banks' 6th ed.], part 3, chap. 2, § 202, p. 432.)   Davene being charged with misdemeanor, the warrant was issued by the judge, as a magistrate or officer. (*People* v. *Kelly*, 35 Barb. 444; *Phinney* v. *Boschell*, 19 Hun, 116; *Matter of Knickerbocker Bk.*, 19 Barb. 602.)

EARL, J.   The appellant, the New York Society for the Prevention of Cruelty to Children, was organized under the act

chapter 130 of the Laws of 1875, and by virtue of the authority conferred upon it by that act, it made complaint to the Supreme Court against one Davene for exhibiting a little child at Gilmore's theater in dangerous performances in violation of the act chapter 122 of the Laws of 1876, and the court issued a warrant for his arrest. The officers to whom the warrant was delivered for execution proceeded to the theater to arrest Davene where it is claimed that Gilmore obstructed them in the execution of the warrant. For this misconduct on the part of Gilmore complaint was made by the appellant to the Supreme Court, and an order was made requiring him to show cause why an attachment should not be issued against him; and such proceedings were thereupon had against him for a criminal contempt of the court, that an order was made fining him $250, and imprisoning him thirty days. From that order Gilmore appealed to the General Term of the Supreme Court, where the order was reversed with costs against the present appellant, and it then appealed from the order of the General Term to this court.

So far as the General Term dealt with the matter of contempt its determination is not reviewable by this court. That court has finally determined that Gilmore was not guilty of the alleged contempt. If it is satisfied with his conduct the matter of contempt is ended. It is not for this court to vindicate the authority or dignity of that court against an alleged contempt which it ignores or does not find ; and the present appellant has no interest in the matter.

But we can find no authority for the imposition of costs upon the relator. The proceeding against Davene was upon a charge of misdemeanor under the act of 1876, and it was purely a criminal one; and the proceeding against Gilmore was for a criminal contempt, and that was also a criminal proceeding. It was not a special proceeding as defined in the Code of Civil Procedure, because the special proceedings therein provided for are civil special proceedings. ( § 3343, sub. 20.) The right to costs is purely statutory, and our attention has been called to no statute which authorized the Supreme Court to impose these costs and

we can find none.    In imposing the costs, therefore, the General Term acted without authority.

The order of the General Term, therefore, so far as it imposed costs upon the appellant, should be reversed and the appeal as to the balance of the order should be dismissed.

All concur, except TRACY, J., absent.

Ordered accordingly.