JOHN S. STUBBS AND RICHARD S. JONES, AS EXECUTORS, ETC., OF SAMUEL S. STUBBS, DECEASED, RESPONDENTS, v. EDWARD C. RIPLEY, APPELLANT, IMPLEADED, ETC.

*Temporary injunction — when it continues in force until terminated by an order — when the bringing of an action is a legal interference with real estate — a willful violation of an injunction is a criminal contempt — power of the court to punish it — Code of Civil Procedure, secs. 8, 9 — costs.*

At the time of the commencement of this action an injunction order was issued directing that until the hearing and determination of this motion, or until the further order of this court, the defendants, naming them, and each of them, and each of their agents and attorneys refrain, and they were thereby restrained and enjoined from conveying, incumbering or in any way interfering with or disposing of the real estate described in the complaint herein, as conveyed to and held by them, or any part thereof, or the rents, profits or avails thereof. Upon the hearing of the motion to continue the injunction an order was made directing a referee to take proof and providing that the injunction already in force be for the time continued in force.

*Held,* that a failure to serve the second order upon a defendant did not relieve him from complying with the injunction contained in the first order, which was in no way changed, restricted or reduced by the last clause of the order of reference.

While this injunction continued in operation and effect, one of the defendants, without leave of the court, commenced an action in the Superior Court of the city of New York for the avowed purpose of settling the rights in the greater part of the land described in the complaint, and obtaining an accounting of its rents and profits.

*Held,* that this was a legal interference with so much of the property, and a violation of the injunction.

That the subsequent settlement and discontinuance of that action did not relieve the said defendant from the liability incurred by the violation of the injunction, although it might serve to palliate or mitigate the act.

That as the defendant fully understood the nature of his act, he was guilty of a willful disobedience of the injunction, which constituted a criminal contempt under subdivision 3 of section 8 of the Code of Civil Procedure.

That as the contempt was a criminal one, it was not necessary to justify the infliction of a punishment to show that the plaintiffs had been injured by the violation of the injunction.

That the court had power under section 9 of the said Code to punish by a fine not exceeding $250, or by imprisonment not exceeding thirty days, or by both, but that it did not have power to impose upon the defendant ten dollars costs of the motion.

APPEAL from an order adjudging the defendant Edward C. Ripley guilty of a contempt and imposing a fine upon him of $200, and ten dollars costs of motion.

*Edward C. Ripley,* appellant, in person.

*Nelson J. Waterbury, James O. Clark* and *J. S. Van Cleef,* for the respondents.

DANIELS, J.:

At the time of the commencement of this action an injunction order was issued in it, containing the clause that until the hearing and determination of this motion, or until the further order of this court, made upon notice to the attorney for the plaintiff and duly served, the defendants Edward C. Ripley, Hattie M. Ripley and J. Walter Thompson, and each of them and each of their agents and attorneys refrain and they are hereby restrained and enjoined from conveying, incumbering, or in any manner interfering with or disposing of the real estate described in the complaint herein, as

conveyed to and held by the defendants Hattie M. Ripley and J. Walter Thompson, or any part thereof, or the rents, profits or avails thereof.

And it was served personally upon the defendant Edward C. Ripley. This injunction by its terms continued in force until the hearing of the motion, of which notice was given in the order. No determination of that motion has yet been made, and the injunction as it was originally made still remains in force. Upon the hearing of the motion to continue the injunction, a referee was directed to take such further proof as might be submitted by any of the parties upon the subject-matter of the motion, and directing that the parties by whom affidavits had been submitted on the motion should produce the affiants before the referee for cross-examination, and in that order the injunction already in the case was for the time continued in force. This order is stated by the appealing defendant not to have been served upon him, but that was not necessary to render the injunction obligatory upon him, for by its own language it remained and continued in force until the hearing and determination of the motion. That was not determined by the order of reference, but it was declared that the injunction should continue during the pendency of the reference. This was a needless direction and added nothing whatever to the force or effect of the injunction, as it had been provided in the injunction order itself that it should continue and remain in force until the determination of the motion. That motion has not yet been determined, neither has the hearing before the referee been completed. And the defendant consequently remained under the restraint of the original injunction, which was in no way changed, restricted or reduced by the last clause of the order of reference.

While this injunction continued in operation and effect the defendant Edward C. Ripley commenced an action in the Superior Court of the city of New York against Charles L. Guilleaume, for the avowed purpose of settling their rights in the greater part of the land described in the complaint, and to obtain an accounting of its rents and profits. This action was brought without leave of the court and it was a legal interference with so much of the property in controversy and might, by proceeding to a trial, have confused and prejudiced the rights or interests of the plaintiffs in this action.

To constitute an interference with the real estate, as that was prohibited by the injunction, did not require a proceeding for its disposition, change or sale, but it was sufficient for that purpose that an attempt was made to disturb its condition. And that would have been the effect of the action in the Superior Court if it had proceeded to judgment and it had been sustained, for it would have resulted in a definite disposition of the rents and profits of so much of the property. A somewhat similar injunction order was considered in the case of *Fincke* v. *Funke* (25 Hun, 616), and it was held there that bringing an action would violate the injunction and that any exercise of control or authority over the assets or property of the firm in that case would have been an interference therewith. The injunction order in this case was plain and comprehensive, and it prohibited all interference on the part of the parties named in it, their agents, etc., with the property. The act of the appealing defendant was a direct interference with so much of it as was set forth in his complaint, and by commencing and prosecuting his action he violated the injunction. And it was not corrected by the settlement and discontinuance of the action which took place just before the order to show cause for this motion was served upon him. The discontinuance was a palliation or mitigation of the act but in no manner relieved the defendant from the effect of what he had previously done. That was a disregard of the order of the court in the action and exposed this defendant to punishment for it.

The law did not require to justify the punishment inflicted, as it has in civil contempts, proof on the part of the plaintiffs that they had been injured by means of this violation of the injunction. Such proof is essential where the object is to punish the party by way of indemnifying another against the loss or injury sustained. (*Fischer* v. *Rabb*, 81 N. Y., 235.) This was not a proceeding of that description, for as the defendant fully understood the nature of his act he was guilty of a willful disobedience of the injunction, and by subdivision 3, section 8, of the Code of Civil Procedure, that has been made a criminal contempt. For the word mandate which has been there employed has been declared by subdivision 2 of section 3343 to include "a writ, process, or other written direction, issued pursuant to law out of a court, or made pursuant to law by a court or a judge,

or a person acting as a judicial officer and commanding a court, board or other body or an officer, or other person named, or otherwise designated therein to do or to refrain from doing an act therein specified," and that plainly made a mandate of this injunction. The defendant therefore was guilty of a criminal contempt, and was not entitled to be released from the legal effect of his act by reason of the fact that he had previous to its performance obtained the advice of counsel. For he was a lawyer of experience himself and not dependent upon advice for the understanding of the duty to which he was subjected of obeying the order and direction of the court.

Where a criminal contempt appears to have been committed, there the court may impose a fine upon the delinquent persons, although the act may have caused no loss or injury to the party intended to be protected by the injunction. (*People ex rel. Negus* v. *Dwyer*, 90 N. Y., 402.) For such violation of an injunction punishment for the act itself may be imposed. This has been provided by section 9 of the Code of Civil Procedure. That punishment may be by a fine not exceeding $250, or by imprisonment not exceeding thirty days, or both, in the discretion of the court. And it was evidently under that authority that the order was made from which the appeal has been taken, for it contains an adjudication that the defendant had willfully violated the injunction order, and further adjudges that he be punished for such offense by a fine of $200. The fact of adjudging that there had been a willful violation of the injunction, and the defendant was thereby guilty of a contempt, and that he should be punished for the offense, and the punishment should be by a fine, all demonstrate that the proceeding had and the order finally made was for a criminal contempt. The order further directed that until the fine should be paid all proceedings on the part of the defendant Ripley should be stayed ; and that the court was fully authorized to direct as one of the legal disabilities created by the contempt. ( *Walker* v. *Walker*, 82 N. Y., 260.)

But this part of the order did not prevent the other defendants from bringing on the trial of the action. It was personal to this defendant. And so far as it operated upon him the stay seems to have been vacated by another order now before the court made five days after the order imposing this punishment upon the defendant.

For by the order of the 25th of April, 1885, he as well as the other defendants were allowed to proceed with the trial of the issues before the referee.

In but one respect does the order seem to have been without authority. And that is in the imposition of ten dollars costs of motion upon the defendant. Authority to add these costs has not been given to the court by the section of the Code of Civil Procedure declaratory of the power of the court in the way of imposing punishment. In that respect the case is quite similar to *People* v. *Gilmore* (88 N. Y., 626). In all its other provisions the order was made in strict conformity to the facts and law of the case.

But the direction for the payment of costs should be reversed, and the residue of the order should be affirmed, without costs of the appeal to either party.

DAVIS, P. J., and BRADY, J., concurred.

Order adjudging defendant in contempt modified as directed in opinion and affirmed as modified, without costs to either party.