THE PEOPLE OF THE STATE OF NEW YORK EX REL. JOHN NAVAGH AND JAMES A. MILNE, RESPONDENTS, v. WILLIAM A. FRINK AND ROBERT McNAUGHT, APPELLANTS.

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANTS, v. JOHN NAVAGH AND JAMES A. MILNE, RESPONDENTS.

*Warrant of arrest against persons unlawfully confining a child — when the prisoners must be brought before the justice issuing the warrant — Code of Civil Procedure, secs. 2054, 2057 — when notice must be given to the district attorney — Code of Civil Procedure, sec. 2038.*

Appeal from an order, made by a justice of the Supreme Court in the city of Oswego, upon the return to a writ of *habeas corpus* issued by him, admitting to bail John Navagh and James A. Milne, and directing their discharge from the custody of William A. Frink and Robert McNaught, by whom they were held in virtue of a warrant issued by a justice of the Supreme Court, who resided in the city of New York, commanding Frink and McNaught, municipal police officers of the city of New York, named in the warrant, to arrest the said Navagh and Milne and bring them before the justice who issued the warrant to be dealt with according to law.

From the papers and warrant under which the relators had been arrested, it appeared that a child under the age of twelve years was unlawfully held in

confinement by the relators in the city of Oswego, the warrant reciting facts sufficient to constitute the offense of kidnapping as defined in section 211 of the Penal Code; and further reciting that there was good reason to believe that the child would be carried out of the State, or would suffer irreparable injury at the hands of the relators before it could be relieved by the issuing of a *habeas corpus* or *certiorari*, and also that it satisfactorily appeared to the officer issuing the warrant that the said child was held in unlawful confinement and custody by the said relators.

*Held*, that the facts stated justified the issuing of the warrant under the provisions of section 2054 of the Code of Civil Procedure.

That it was the duty of the persons named in the warrant to arrest the prisoners and carry them before the justice who issued it, to the end that they might be examined and committed, bailed or discharged, as in other criminal cases, as provided by section 2057 of the said Code.

That as the offense with which the prisoners were charged was a felony the justice who issued the warrant had exclusive jurisdiction (except in case of his absence or inability to act), and that the justice in Oswego had no power to make the order appealed from.

That the failure to give notice, of the time when and the place where the writ of *habeas corpus* was returnable, to the district attorney of the county of Oswego, as required by section 2038 of the Code of Civil Procedure, rendered the granting of the order irregular.

Appeals from an order made December 22, 1885, by a justice of this court, in the city of Oswego, admitting to bail John Navagh and James A. Milne, and directing their discharge from the custody of William E. Frink and Robert McNaught, by whom they were held by virtue of a warrant issued by a justice of the Supreme Court, who resided in the city of New York, commanding Frink and McNaught, municipal police officers of the city of New York, named in said warrant, to "arrest the said John Navagh and the said J. A. Milne, and bring them and each of them before" the justice who issued said warrant, to be dealt with according to law.

After the police officers had arrested Navagh and Milne, and had them in custody in virtue of the warrant, a justice of this court, residing in and being in the city of Oswego, where the arrest was made, granted a writ of *habeas corpus* on the petition of Milne and Navagh, requiring Frink and McNaught to have "the body of John Navagh and James A. Milne," before the said justice at chambers, in the city of Oswego, to do and receive what shall then and there be considered concerning the said John Navagh and James A. Milne, and each of them.

The writ of *habeas corpus* was allowed the 22d of December, 1885. A return was made thereto by Frink and McNaught, viz. : " First. That at the time such writ was served on them, the 22d of December, 1885, we had in our custody John Navagh and James A. Milne, for whose relief the writ was issued. Second. That they so had said Navagh and Milne in custody under and by virtue of a writ or warrant of which a copy is hereto annexed, a copy of which is also annexed to the petition for this writ, and that they have the original ready to be produced as the court may direct.

WILLIAM E. FRINK.<br>
ROBERT McNAUGHT."

Appended to the return is an affidavit purporting to be signed by Frink and McNaught, to the effect that the return was true. That affidavit purports to have been sworn to on the 22d day of December, 1885, although there is no signature of an officer before whom it was taken.

The papers upon this appeal do not show that any question was made upon the return of the writ in respect to whether it was sworn to before an officer or not. After the return was made the justice of this court, who issued the writ of *habeas corpus*, indorsed upon the writ the following order, viz. : " The within named John Navagh and James A. Milne having been brought before me by virtue of the within writ, and the said parties having been admitted to bail for the offense charged in the sum of $1,000, it is ordered that said Navagh and Milne be and they are hereby discharged from custody. Dated Oswego, December 22, 1885." The order was signed by the justice who issued the writ of *habeas corpus*.

From that order two appeals were taken, which were heard together. One by the district attorney of Oswego county, in behalf of the people, and the other by Frink and McNaught. The appeals came on to be heard and were heard together on the same papers by consent of counsel. The certificate of the clerk of Oswego county is to the effect that the papers furnished on this appeal are copies of the warrant, application, writ, order, return, notices of appeal and indorsements thereon filed in his office.

Fourth Department, July .Term, 1886.

*S. B. Mead*, district attorney of Oswego county, and *Elbridge T. Gerry*, for the appellants.

*W. A. Poucher* and *William Tiffany*, for the respondents.

HARDIN, P.. J.:

From the papers before us it would appear that Eugenia Meehan was alleged " to be held in unlawful confinement and custody by one John Navagh and one J. A. Milne, in the city of Oswego, * * * of which child" the New York Society for the Prevention of Cruelty to Children is the " lawful guardian, duly appointed such by the Supreme Court of this State by order thereof duly made and entered."

It also appears that the child was under twelve years of age, to wit, three years and five months, and that Navagh and Milne "are not, nor is either the lawful guardian of such child or entitled to its custody, care or control, and that said child was seized and taken possession of by them on the death of its mother without any warrant or authority of law, and that they refused to deliver said child to said society."

It also appears that Navagh, with the counsel and assistance of Milne, " unlawfully, feloniously and willfully did seize, confine, inveigle and kidnap the said child with intent to cause her, without the authority of law, to be secretly confined within this State, and did then and there unlawfully, feloniously and willfully lead, take, entice away and detain the said child, * * * with intent then and there to keep and conceal said child from the persons having the lawful care and control thereof, in violation of the provisions of section 211 of the Penal Code of the State of New York."

And it appears also upon the papers before us that it was alleged that said child, viz.: " Is now by the said John Navagh and the said J. A. Milne secretly confined, kept and concealed as aforesaid in violation of the legal rights of said society as the lawful guardian of said child."

It appears also that it was stated in the warrant so issued by a justice of this court, viz.: " That there is good reason to believe that the said child will be carried out of the State by, or will suffer irreparable injury at, the hands of the said John Navagh and the said J. A. Milne, before said child can be relieved by the issuing of

a *habeas corpus* or *certiorari.*" It was also recited in the warrant, viz.: It satisfactorily appears to the officer issuing the warrant "that the said child Eugenia is held in unlawful confinement and custody by the said John Navagh and the said J. A. Milne."

According to the tenor of the warrant and the return made to the writ of *habeas corpus,* it would seem that the warrant was issued in pursuance of section 2054 of the Code of Civil Procedure. That section authorized the issuance of the warrant and the arrest of Navagh and Milne. That section provides for a warrant of the character of the one now before us. It also authorized the direction of such a warrant to a "person specially designated therein," and commanding him to take and forthwith bring before the court or judge the prisoner, to be dealt with according to law. Proceedings under that statute are criminal in their nature. (*People* v. *Gilmore,* 26 Hun, 1; S. C. affirmed, 88 N. Y., 626.)

In section 211 of the Penal Code, defining the crime of kidnapping, it is provided that a person who willfully leads, takes, entices away or detains a child under the age of twelve years, with intent to keep or conceal it from its parent, guardian or other person having lawful care or control thereof, * * * is guilty of kidnapping, and is punishable by imprisonment for not more than fifteen years.

We are of the opinion that the warrant before us charged a felony against Navagh and Milne under the section from which we have quoted, and that all the facts and allegations requisite to bring the case within section 2054 of the Code of Civil Procedure, which authorizes a warrant, are found in the warrant under which Navagh and Milne were arrested. It was the duty of the persons who received the warrant for execution to take the prisoners therein named before the judge issuing the warrant. (Code of Civil Pro., § 2056.)

It is provided in that section that wherever it appears that the "person detaining the prisoner" is thus taken before a judge in virtue of such a warrant, that the person "must make a return in like manner, and the like proceedings must be taken as if a writ of *habeas corpus* had been issued in the first instance." It is further provided by section 2057 that the person thus arrested "is entitled to be examined, and must be committed, bailed or discharged by the court or judge as in any other criminal case of the same nature."

We are of the opinion that it was the duty of the officer or officers receiving the warrant to carry the prisoners before the magistrate who issued it to the end that such proceedings as are authorized by the section to which we have alluded might be had, and to the end that they might be " examined, * * * committed, bailed or discharged by * * * the judge as in other criminal cases of the same nature." The grade of the crime charged in the warrant was that of felony. It was within the province of the judge who issued the warrant to deal with the prisoner's offense named in the warrant. We think this sufficiently appears from the tenor of sections 2054, 2055, 2056, 2057 of the Code of Civil Procedure.

Section 2057 clearly authorized the persons charged under the previous sections, which we have just quoted, to be dealt with in the same manner as " in any other criminal case of the same nature." As stated the nature and grade of the offense charged was that of a felony. By section 158 of the Code of Criminal Procedure it is provided, viz.: If the crime charged in the warrant be a felony the officer making the arrest must take the defendant before the magistrate who issued the warrant, or some other magistrate in the same county, as provided in section 164.

Section 164 of the Code of Criminal Procedure seems to contemplate the taking of such prisoners before the magistrate who issued the warrant, as it provides that if the magistrate who issued the warrant " be absent or unable to act," then, in that case, the prisoner is to be taken before the nearest or most accessible magistrate in the same county. (*People ex rel. Sichel* v. *Chapman*, 30 How., 202; *People* v. *Clews*, 77 N. Y., 39.)

If the prisoners had been arrested for a misdemeanor it seems that it would have been competent for a magistrate, residing in the county in which the arrest was made, to have let the prisoners to bail. (*People* v. *Chapman; People* v. *Clews, supra.*)

We are of the opinion that the magistrate, who issued the warrant, had exclusive jurisdiction (except in case of his absence or inability to act), and that a contrary construction would frustrate and defeat the object and intent of the legislature in enacting the exceptional provisions found in section 2054 of the Code of Civil Procedure.

It seems no notice was given to the attorney, whose name was

indorsed upon the warrant, nor to the district attorney of the county where the *habeas corpus* was issued. Section 2038 of the Code of Civil Procedure forbids a discharge of a person on a writ of *habeas corpus*, where he is held by virtue of a mandate "until notice of the time when and the place where the writ is returnable, or to which the hearing has been adjourned, as the case may be, has been either personally served eight days previously or given in such other manner and for such previous length of time as the court or judge prescribes."

"Where the mandate was issued or made in a civil action or special proceeding to the person who has an interest in continuing the imprisonment or his attorney. In every other case to the district attorney of the county within which the prisoner was detained at the time when the writ was served."

Inasmuch as the writ of *habeas corpus* in this case was not issued in a civil action or a special proceeding, but rather in a criminal action (*People* v. *Gilmore*, 88 N. Y., 628), and as section 2057 provides that the discharge or bailing or committal shall be "as in any other criminal case of the same nature," it would seem that the discharge of the prisoners, without notice to the district attorney of the county of Oswego, was irregular. (Code of Civil Pro., §§ 2038, 2057 ; *People ex rel. N. Y. Soc., etc.,* v. *Gilmore,* 88 N. Y., 628.)

There is nothing before us in the appeal book to show that any question was made before the justice who granted the discharge as to the genuineness of the warrant, and we think it is too late to raise the question upon this appeal, as it appears by the clerk's certificate forming a part of the appeal papers herein, that he has compared the copy of warrant certified to us with the original on file in his office, and that copy appears to be issued by a justice of this court, residing in the city of New York, clothed with all the powers given by section 2054 of the Code of Civil Procedure. Whether or not the persons named in the warrant charged with a felony should be admitted to bail rested in judicial discretion, and our views already expressed lead us to the conclusion that the exercise of that judicial discretion should have been by the magistrate issuing the warrant. From note 38 in *People* v. *McLeod* (3 Hill., 663), as somewhat appropriate to the question involved here, we quote, viz. : "It is therefore believed that the rules of the common law, under which one

Superior Court rarely allowed itself to interfere with the process of another, still hold their full sway, and should, indeed, be allowed a peculiar force when the power of a single magistrate is invoked."

Again, it was said in note 45 to the same case, at page 673, viz.: "Valid process alone, both in criminal and in civil cases, *prima facie* renders it obligatory on the court or officer to remand. It lies with the parties suing out the writ to show affirmatively that it is insufficient to authorize his detention. * * * The people are, therefore, under no obligation to produce evidence even in cases where this may be looked into. The accused who appeals by *habeas corpus* must, at his peril, show that he has been committed upon insufficient evidence."

We find nothing inconsistent with this in section 553 of the Code of Criminal Procedure, nor does section 190 of the Code of Criminal Procedure contain any provision inconsistent with the views already expressed. Under that section had the prisoners been taken before the magistrate who issued the warrant, they might have waived an examination and at once elected to give bail. (Code of Crim. Pro., §§ 188, 189, 190 and 210.)

We are of the opinion that the recital of the facts found in the warrant is insufficient, and that it ought not to be said upon this appeal that the same was issued without proper proofs to confer jurisdiction upon the officer issuing the same. We are of the opinion that the order appealed from should be reversed.

Boardman and Follett, JJ., concurred.

Order appealed from reversed. No costs. (See 88 N. Y., 62~.)