SAMUEL D. KENDRICK and WILLIAM A. BROWN, Appellants, *v.*
GEORGE L. WANDALL, Respondent.

*Contempt — witness refusing to answer a question in supplementary proceedings — the oral direction of a referee is sufficient.*

Where a referee orally directs a judgment debtor, who is being examined before him in proceedings supplementary to execution, to answer a question, and the witness refuses, the witness is punishable for contempt under section 2457 of the Code of Civil Procedure.

That section does not require that a written order of the referee be directed to or be served upon the witness as a basis for a proceeding to punish him for contempt in refusing to answer.

APPEAL by the plaintiffs, Samuel D. Kendrick and another, from an order of the county judge of Saratoga county, entered in the clerk's office of said county on the 23d day of February, 1895, denying a motion made by the plaintiffs to punish the defendant for contempt in refusing to answer certain questions propounded to the defendant upon his examination in proceedings supplementary to execution.

*Louis Armstrong*, for the appellants.

*T. D. Trumbull, Jr.*, for the respondent.

HERRICK, J.:

The respondent, a judgment debtor, was being examined before a referee in proceedings supplementary to execution. He refused to answer a number of questions propounded to him; being orally directed by the referee to answer such questions, he again declined. The appellants thereupon took proceedings before the county judge, who granted the order under which the respondent was being

examined, to punish him for contempt for refusing to answer such questions.

The county judge denied the motion to punish the respondent for contempt, and the order denying such motion states that it is denied " upon the ground that a party cannot be punished for contempt for refusing to answer a question upon the oral direction of a referee."

This same question arose under the old Code of Procedure (§ 302), which read as follows : " If any person, party or witness, disobey an order of the judge or referee, duly served, such person, party or witness may be punished by the judge as for a contempt." And the court in the case of *Lathrop* v. *Clapp* (40 N. Y. 328–336) says : " The object and design of this 302d section of the Code was to give full power to the judge to punish any witness for contempt of referee's orders, that a full and complete examination of the witness might be secured without a special application to the court to compel it ; and I think when the referee orders the witnesses to answer to questions, that is a sufficient service, if the witness is present when the referee orders him to answer. The practice, I am sure, has been so understood, and it would be almost intolerable to require the referee to make 150 or 200 or any number of orders, in writing, requiring the witness to answer, and have them formally served upon the witness."

While there may have been some doubt under the phraseology of section 302 of the Code of Proceedure, which required a construction by the court, the present Code is so clear and explicit that it needs no discussion or argument to explain its meaning. The attention of the county judge was probably not called to it.

Section 2457 of the Code of Civil Procedure reads as follows : " A person who refuses, or without sufficient excuse neglects, to obey an order of a judge or referee, made pursuant to the last two sections, or to any other provision of this article, and duly served upon him, *or an oral direction*, given directly to him by a judge or referee, in the course of the special proceeding, or to attend before a judge or referee, according to the command of a subpœna, duly served upon him, may be punished by the judge, or by the court out of which the execution was issued, as for a contempt."

This section puts it beyond all question that there is no necessity

for a written order of the referee directed to, or served upon, the party under examination, as a basis of a proceeding against him for contempt. It expressly provides that a person guilty of disobeying the oral direction of the referee is guilty of contempt.

The sole and only ground, as stated in the order, upon which the county judge refused to punish the respondent for contempt, being erroneous, the order denying the motion must be reversed, and the proceedings remitted to the county judge for further action.

MAYHAM, P. J., and PUTNAM, J., concurred.

Order reversed, with costs and disbursements.