## PEOPLE ex rel. BREWER v. PLATZEK.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

1. HABEAS CORPUS (§ 3*)—CONTEMPT (§ 67*)—CRIMINAL CONTEMPT—REVIEW—CERTIORARI.

   The sufficiency of the commitment for criminal contempt is not reviewable. by certiorari, and where the proceeding and the order adjudging. accused guilty of. a criminal contempt are regular, sustained by evidence, and valid, the validity of the commitment can only be tested by habeas corpus.

   [Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 3;* Contempt, Dec. Dig. § 67.*]

2. CONTEMPT (§§ 3, 4*)—CRIMINAL CONTEMPT.

   For a criminal contempt the court may look only to the statute, while for a civil contempt it may resort to the common law.

   [Ed. Note.—For other cases, see Contempt, Cent. Dig. § 4; Dec. Dig. §§ 3, 4.*]

3. CONTEMPT (§ 60*)—CRIMINAL CONTEMPT—EVIDENCE—SUFFICIENCY.

   Evidence *held* not. to show that a party to a pending action was guilty of a criminal contempt by publishing a grossly inaccurate account of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the proceedings during the trial, in violation of Code Civ. Proc. § 8, subd. 6.

[Ed. Note.—For other cases, see Contempt, Dec. Dig. § 60.*]

4. CONTEMPT (§ 9*)—CIVIL CONTEMPT—ACTS CONSTITUTING.

A party to a pending action, who during the trial attempts to get his views of the cause before the public by furnishing for the newspapers reports of the trial and his views as to the merits, and thereby influencing the jury, may be found guilty of a civil contempt.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 15–18; Dec. Dig. § 9.*]

Certiorari by the People of the State of New York, on the relation of William S. Brewer, to review a special proceeding instituted before M. Warley Platzek, a Justice of the Supreme Court, for the punishment of relator for a criminal contempt of court. Writ sustained, and proceeding annulled.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Philip Carpenter (Harry Eckhard, on the brief), for relator.

William J. Gibson (G. Murray Hulbert, on the brief), for respondent.

LAUGHLIN, J. The relator seeks to review commitment on the ground of the insufficiency of the recitals therein with respect to the adjudication upon which it was based. We are of opinion that the commitment is not reviewable by certiorari. If the proceeding and the order adjudging the defendant guilty of a criminal contempt were regular, sustained by the evidence, and valid, the validity of the commitment could only be tested by a writ of habeas corpus. We are of opinion, however, that the adjudication that the relator was guilty of a criminal contempt is not sustained by the evidence. It is fully settled in this state that "for a criminal contempt we must look only to the statute, while for a civil contempt we may resort, if need be, to the common law." People ex rel. Munsell v. Ct. of O. & T., 101 N. Y., 250, 4 N. E. 259, 54 Am. Rep. 691. The statute relating to criminal contempt is contained in section 8 of the Code of Civil Procedure. The relator was charged with a criminal contempt of court under subdivision 6 of section 8 of the Code of Civil Procedure, in that he caused to be published a grossly inaccurate report of the proceedings on the trial of an action brought by his wife against him for divorce in the Supreme Court of this state. The alleged criminal contempt was charged to have been committed during the progress of that trial before the justice before whom the proceeding to punish the relator was instituted. During the progress of the trial and at the close of the examination of the defendant as a witness in his own behalf, there was an adjournment of the court for the day. He thereupon wrote an article relating in part to the trial and in part containing a statement of his views of the facts, and setting forth in full two letters which had been offered in evidence and excluded and marked for identification. He prefixed to this statement a letter, as follows:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"To the Editors:

"I herewith hand you a correct report of the divorce case of Edith Ainslie Noble Brewer v. William S. Brewer which commenced before Mr. Justice Platzek and a jury in the Supreme Court Friday last and which went over until to-morrow unfinished. I have endeavored to throw the court reporters off the case for the reason that I wished to write my own story, not desiring to let matters come out too soon, and to have the reports as nearly correct as possible.    William S. Brewer."

He thereupon delivered the statement, or a copy thereof, or caused it to be delivered, to the editors of several of the daily newspapers published in the city of Greater New York, and articles based thereon were published in the issues of some of the papers on the following day.

The adjudication against the relator was based, as shown by the order and according to the return of the respondent, upon the publication of the letters which had been marked for identification, and those parts of the statement so delivered or transmitted to the editors of the newspapers which are not shown in italics in the record before us and were not underscored by pencil by the respondent in the original motion papers before him. It appears by the order containing the adjudication and by the return of the respondent that those parts of said statement which were underscored in pencil in the original motion papers, and are printed in italics in the record before us, were true reports of the proceedings upon the trial. The adjudication was evidently made upon the theory that the relator represented the entire statement to be an account of the proceedings upon the trial; but this is not borne out by the record. The first sentence of his letter to the editors indicates that the statement was a report of the trial; but the last sentence of the letter shows quite clearly that it probably was not confined to an account of the proceedings in court. The first sentence of the statement itself clearly shows that it did not purport to be a statement of proceedings on the trial of the action; and, with respect to the letters, it was not a representation that they had been received in evidence, but expressly stated that they had been offered in evidence and marked for identification, which the return shows was true.

The conduct of the relator in thus attempting to get his views of the case before the public, and thereby perhaps indirectly influence the jury, is most reprehensible, and, had he been proceeded against for a civil contempt, the court would have been justified on this evidence in finding him guilty and in inflicting upon him the maximum punishment authorized by the Code in such cases; but, this being a proceeding to punish the relator for a criminal contempt for publishing a grossly inaccurate account of the proceeding on the trial of the divorce action, the adjudication can only be sustained upon the evidence that he did publish a grossly inaccurate account of such proceedings.

We have examined the parts of the statement which he delivered or transmitted to the editors which the order and the return of the respondent do not concede to be an accurate account of the proceedings upon the trial of the divorce action, and we fail to find therein

any representation that anything therein stated took place or occurred on the trial of the action.

It follows therefore that the writ should be sustained, and the proceeding annulled, but without costs. All concur.