THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEONARD DRAKE, Respondent, *v.* WILLIAM S. ANDREWS, as Justice of the Supreme Court, et al., Appellants.

**Appeal — order of Appellate Division should show reversal to be on the law.**

To render a review by the Court of Appeals effective, an order of the Appellate Division reversing an order adjudging one guilty of criminal contempt should show on its face that the reversal was solely on the law

Reported below, 134 App. Div. 32.

(Argued October 8, 1909 ; decided October 26, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 6, 1909, which reversed an order of the court at a Trial Term adjudging relator guilty of criminal contempt.

*Emerson M. Willis* for appellants.

*William Townsend* for respondent.

*Per Curiam.* However clear our judgment may be on the legal question involved on this appeal we think that the order of the Appellate Division in its present form is not the subject of review by us. This view is not predicated on the decision of this court in *People ex rel. N. Y. Society, etc.,* v. *Gilmore* (88 N. Y. 626), because since that decision the Code of Criminal Procedure (§ 519) has been amended so as to authorize appeals to this court from a final determination affecting a substantial right of defendant, but because there is a question of fact in the case. To render a review by this court effective the order of the Appellate Division should show on its face that the order of the trial court was reversed solely on the law.

The appeal must, therefore, be dismissed unless the appellants within thirty days obtain from the Appellate Division a modification of its order, so as to show that the order of the trial court was reversed solely on the law, and in case of such modification being made the appeal may be again submitted to this court without further argument, unless the parties otherwise elect.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Appeal dismissed.