(160 App. Div. 662)

HANBURY v. BENEDICT, Supreme Court Justice.

(Supreme Court, Appellate Division, Second Department. February 20, 1914.)

1. WITNESSES (§ 21*)—CONTEMPT—POWER TO PUNISH—EXISTENCE OF OTHER REMEDY.

That a contumacious and unlawful refusal of a witness to answer proper questions, punishable as a contempt under Judiciary Law (Consol. Laws 1909, c. 30) § 750, subd. 5, may also constitute a crime under Penal Law (Consol. Laws 1909, c. 40) § 600, is immaterial, since the remedies by indictment and by punishment for criminal contempt may coexist.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 37–41; Dec. Dig. § 21.*]

2. CONTEMPT (§ 2*)—NATURE AND ELEMENTS—"CRIMINAL CONTEMPT"—"CIVIL CONTEMPT."

As used in the statutes, "criminal contempt" has to do with vindicating the dignity of the court, while "civil contempt" has to do in part with recompensing the person injured by the conduct complained of.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 1–3, 5, 7, 8; Dec. Dig. § 2.*

For other definitions, see Words and Phrases, vol. 2, pp. 1747, 1748; vol. 2, pp. 1194, 1195.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

**3.** CRIMINAL LAW (§ 168*)—FORMER JEOPARDY—CONTEMPT.

While contempt of court is in the nature of a crime, because in its origin it is in a violation of public law and in its punishment ends in the vindication of public justice, the procedure resulting in a criminal contempt is not a criminal prosecution which will prevent subsequent prosecution in a criminal action, notwithstanding Const. art. 1, § 6, prohibiting double jeopardy for the same offense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 290–303; Dec. Dig. § 168.*]

**4.** CONTEMPT (§ 40*)—PROCEEDINGS TO PUNISH—NATURE.

The proceeding to determine whether a person has been guilty of a criminal contempt in connection with a civil action or special proceeding, and which is instituted by a warrant of attachment or an order to show cause, is a civil or special proceeding and not a criminal one.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 122–124; Dec. Dig. § 40.*]

**5.** EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—PROCEEDINGS TO PUNISH—CERTIORARI.

Under Code Civ. Proc. § 2121, providing that certiorari shall not issue to review any determination in a civil action or special proceeding, certiorari will not issue to review a conviction for criminal contempt committed in proceedings supplementary to execution in a civil action.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*]

**6.** CONTEMPT (§ 67*) — PROCEEDINGS TO PUNISH — CERTIORARI — "CRIMINAL MATTER."

Under Code Civ. Proc. § 2121, and section 2148, which is a part of the same article, providing that such article shall not apply to determinations in criminal matters, except criminal contempts, even if a criminal contempt committed in a civil action is a "criminal matter" within the statute, the article applies and prevents the issuance of a writ of certiorari.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 221, 222; Dec. Dig. § 67.*

For other definitions, see Words and Phrases, vol. 2, pp. 1749, 1750.]

**7.** EXECUTION (§ 418*)—PROCEEDINGS TO PUNISH—APPEAL.

Under Code Civ. Proc. § 2122, providing that certiorari shall not issue where there is an adequate remedy by appeal, and section 1356, authorizing appeals from any order affecting a substantial right made in a special proceeding, an appeal, and not certiorari, is the proper remedy to review a conviction for contempt committed in proceedings supplemental to execution in a civil action.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*]

**8.** CONTEMPT (§ 3*)—NATURE AND ELEMENTS—CRIMINAL CONTEMPT.

Criminal contempts may occur in either criminal actions or civil actions and special proceedings.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 4; Dec. Dig. § 3.*]

**9.** APPEAL AND ERROR (§ 4*)—NATURE AND FORM OF REMEDY—PROPER MODE OF REVIEW.

The general policy of the law as expressed in our statutes is to make appeal the only method of review whenever it is applicable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 8–21; Dec. Dig. § 4.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Application by Harry A. Hanbury for a writ of certiorari to be directed to Russell Benedict, one of the Justices of the Supreme Court, to review an order adjudging said Hanbury guilty of contempt of court. From an order vacating a writ of certiorari entered on his application, as modified by a later order resettling the first order, the said Hanbury appeals. Affirmed.

See, also, 146 N. Y. Supp. 44.

Argued before BURR, THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

George W. Sickels, of New York City, for appellant.
Charles L. Craig, of New York City, for respondent.

BURR, J. On November 12, 1913, in a proceeding entitled "People of the State of New York, on the relation of J. Benedict Roache, Complainant, against Harry A. Hanbury, Accused," Hanbury was arrested under a warrant of attachment allowed by Hon. Russell Benedict, a justice of this court. The charge against him was for contempt of court. He was brought before a Special Term of this court in Kings county for the hearing of litigated motions, and filed a verified answer denying the contempt, and thereupon interrogatories were framed, which the accused was required to answer. On November 24, 1913, he filed his answer to said interrogatories, under oath, and on the succeeding day an affidavit alleged to be corroborative of such answers. The matter then came on for hearing before Mr. Justice Benedict at said Special Term, and on December 30, 1913, an order was entered in said proceeding finding him guilty of criminal contempt, and prescribing as the punishment therefor a fine of $250, and imprisonment in the county jail of Kings county for a period of 30 days. On the succeeding day, without notice, he obtained from Hon. James C. Van Siclen, a justice of this court sitting at a Special Term thereof for the hearing of ex parte applications in Kings county, a writ of certiorari addressed to Mr. Justice Benedict, directing him to make return of said proceedings for purposes of review. On January 7, 1914, at the same Special Term, upon the papers upon which said writ of certiorari was granted (Mr. Charles L. Craig, as attorney for J. Benedict Roache, the relator in the proceeding in which the determination of contempt was made, and a person specially and beneficially interested in upholding such determination, having appeared specially by permission of the court for the purpose of making an application to vacate said writ), the order of December 31st, directing that such writ issue, was vacated and set aside, and the writ issued thereunder was quashed and annulled. Subsequently, and on January 16, 1914, the attorney for said Hanbury appearing and applying therefor, the order of January 7, 1914, was resettled so that it contained a recital that the opinion of Mr. Justice Van Siclen, delivered at the time that the motion to vacate was granted, was one of the papers upon which the order of January 7, 1914, was based. From the order of January 7th as resettled by the order of January 16th Hanbury appeals.

The proceedings antecedent to the contempt proceeding are but meagerly stated in the record now before us, but there is sufficient to indicate that Hanbury was being examined as a witness in certain proceedings supplementary to execution, in a civil action in which J. Benedict Roache was judgment creditor and one Patrick H. Flynn was judgment debtor, and that according to the contention of the relator in said contempt proceedings he willfully and contumaciously refused to answer certain questions addressed to him in the course of such examination, when directed to do so by a justice of the Supreme Court before whom such examination was being held. The only question presented by this record is whether the order adjudging said Hanbury guilty of contempt may be reviewed by a writ of certiorari or by a notice of appeal.

Some confusion seems to have arisen as to the proper practice arising either from dicta in opinions, or because the point as to the proper method of review was not raised. In some instances it has been reviewed by appeal, in others by a writ of certiorari. It makes little practical difference which shall be held to be the proper method, provided only that the practice respecting the same is settled, and that it stays settled.

[1] It may assist in arriving at a correct determination of this question if we clearly apprehend the nature of the proceeding terminating in the order sought to be reviewed.

"A court of record has power to punish for a criminal contempt a person guilty of either of the following acts and no others: * * * Contumacious and unlawful refusal to be sworn as a witness; or, after being sworn, to answer any legal and proper interrogatory." Judiciary Law (Consolidated Laws, c. 30; Laws of 1909, c. 35) § 750, subd. 5.

Conduct of which Hanbury has been found guilty may constitute a crime (Penal Law [Consol. Laws 1909, c. 40] § 600) to be prosecuted by indictment (Id. § 602; Code of Criminal Procedure, § 4; People v. Meakim, 133 N. Y. 214, 30 N. E. 828). But the remedies by indictment and the imposition of a fine and imprisonment in a special proceeding for a criminal contempt may coexist.

[2] The distinction is made in our statute law between contempt termed "criminal" and that designated as "civil." Some confusion might have been avoided if the former had been termed "public" and the latter "private," since the former has to do with vindicating the dignity of the court which has been defied, while the latter has to do in part with recompensing the person injured by the contumacious conduct complained of. Rapalje on Contempts, § 21.

[3] While the offense is in the nature of a crime, since in its origin it is a violation of public law, and in its punishment ends in the vindication of public justice, the procedure resulting in punishment for a criminal contempt is not a criminal prosecution which will prevent subsequent indictment, and, after conviction, sentence in a criminal action, nor will such conviction and sentence bar a subsequent prosecution and punishment by a special proceeding as a criminal contempt, notwithstanding the constitutional provision that "no person shall be subject to be twice put in jeopardy for the same offense." Constitu-

tion, art. 1, § 6; People ex rel. Choate v. Barrett, 56 Hun, 351, 9 N. Y. Supp. 321, affirmed 121 N. Y. 678, 24 N. E. 1095; Penal Law, § 602; People v. Meakim, 133 N. Y. on page 225, 30 N. E. 828.

[4] We think that the proceeding to determine whether a person has been guilty of a public or criminal contempt by reason of his conduct in connection with the prosecution of a civil action or special proceeding, and which is instituted by a warrant of attachment or an order to show cause, is a civil special proceeding and not a criminal one. People ex rel. Negus v. Dwyer, 90 N. Y. 402; Matter of Strong v. Randall, 177 N. Y. 400, 69 N. E. 721; Matter of King v. Ashley, 179 N. Y. 281, 72 N. E. 106. In People ex rel. Negus v. Dwyer, supra, defendant was adjudged by a Special Term of the Supreme Court to be guilty of a contempt in willfully violating an injunction order, issued in a civil action, and a fine and imprisonment were imposed as punishment therefor. The court there said:

"The conviction here was for a criminal contempt, the disobedience adjudged willful, and the permitted punishment imposed. Civil Code, §§ 8 and 9. It is now said that from such a condition there is no appeal, because it is not a civil but a criminal special proceeding. It cannot be the latter, for the Code of Criminal Procedure does not recognize or provide for it. That describes what are called 'special proceedings of a criminal nature,' but criminal contempts are not among them. Crim. Code, pt. 6, tits. 1–11. They appear and are regulated in the Civil Code. When they originate in the violation of an order, made, not by a criminal court, but by a civil court in a civil action, it is difficult to see how they can be anything else than the special proceedings defined in the Civil Code as civil special proceedings. That the willful contempt is denominated 'criminal' does not make the proceeding by a civil court, having before it a civil action, to protect its dignity and compel respect for its mandates, any the less a civil special proceeding. If it is in a court having only civil jurisdiction, or on the civil side of a court having criminal jurisdiction also, it must be deemed a special proceeding within the meaning of sections 1356 and 1357 of the Code of Civil Procedure, and section 190, subd. 2, which permit an appeal. But where a criminal court makes an order in a criminal proceeding pending before it, which is disobeyed, the process by which it vindicates its authority must be held to be, as we decided in People ex rel., etc., v. Gilmore, 88 N. Y. 627, not a special proceeding as defined in the Code of Civil Procedure. Possibly in this latter class of cases there is no appeal. If it is best that there should be, the attention of the Legislature should be directed to the subject."

[5-7] If such is the character of this proceeding, then:

"A writ of certiorari cannot be issued, to review a determination, made, after this article takes effect, in a civil action or special proceeding, by a court of record, or a judge of a court of record." Code Civ. Proc. § 2121.

And "except as otherwise expressly prescribed by statute, a writ of certiorari cannot be issued, in either of the following cases: * * * Where the determination can be adequately reviewed, by an appeal to a court, or to some other body or officer." Id. 2122.

It is not claimed that there is any special statutory authority for review by writ of certiorari in the case that we are now considering. Sections 2121 and 2122 of the Code of Civil Procedure appear in chapter 16, tit. 2, art. 7, of said Code. This article concludes as follows:

"This article is not applicable to a writ of certiorari, brought to review a determination made in any criminal matter, except a criminal contempt of court." Code Civ. Proc. § 2148.

If we should concede that every contempt of court which is "criminal" according to the nomenclature of the statute is a "criminal matter" as the words are here used, this article would apply, and would prevent the issuing of a writ of certiorari at least if the determination may be reviewed by appeal.

Let us now consider the statutory provisions relative to an appeal in a civil special proceeding.

"An appeal may be taken, to the Appellate Division of the Supreme Court, from an order, affecting a substantial right, made in a special proceeding, at a Special Term or a Trial Term of the Supreme Court; or made by a justice thereof, in a special proceeding instituted before him, pursuant to a special statutory provision; or instituted before another judge, and transferred to, or continued before, him." Code Civ. Proc. § 1356.

We think, therefore, that under the circumstances here disclosed the determination as to the conduct of appellant was a final order affecting a substantial right in a civil special proceeding. It cannot be reviewed, therefore, by certiorari, but can and must be reviewed by appeal.

[8] Criminal contempt may also arise in connection with a civil action or a civil special proceeding when the offense was committed in the immediate view and presence of the court, and where the offender is summarily punished. Judiciary Law, § 755. In such case it may be that as in the first instance the only record containing any facts showing the particular circumstances of the offense is comprised in the recitals necessarily contained in the order of commitment (People ex rel. Barnes v. Court of Sessions, 147 N. Y. 290, 47 N. E. 700; People ex rel. Palmieri v. Marean, 86 App. Div. 278, 83 N. Y. Supp. 843), a proceeding in the nature of a writ of certiorari is proper which shall compel a return by the court or judge making the adjudication, and, where the original return is defective, a further return setting forth all the facts (Code Civ. Proc. § 2135). Such proceeding may be brought to a hearing upon the writ and the return and the papers upon which the writ was granted. Id. § 2138. We will determine that question when it arises. Criminal contempt may also occur in connection with criminal as well as civil actions. People ex rel. Munsell v. Court of Oyer & Terminer, 101 N. Y. 245, on page 249, 4 N. E. 259, 54 Am. Rep. 691. If the objectionable conduct arose in connection with a criminal trial or a criminal special proceeding, and if the criminal court or judge vindicated its or his authority and inflicted punishment for contempt, whether in such case the writ of certiorari may be employed as a writ of review we need not now determine. Code of Criminal Procedure, §§ 515, 517; People ex rel. Negus v. Dwyer, supra, 90 N. Y. on page 407. In 1909, the provisions of the existing statute relating to criminal contempts was transferred from the Code of Civil Procedure to the Judiciary Law (sections 750–752). Its language is sufficiently broad to include every court of record, both civil and criminal. In view of the change, some of the decisions formerly made with respect to contempts occurring in criminal courts may be no longer applicable.

In conclusion, we may refer to some of the cases in which the ques-

tion here involved has been considered, either directly or incidentally. In People ex rel. Mitchell v. Sheriff, 29 Barb. 622, 626, there is a dictum to the effect that an order committing a party for contempt arising in connection with the conduct of a civil action may not be reviewed by certiorari. See, also, People ex rel. Hackley v. Kelly, 24 N. Y. 74, 78; People ex rel. Brewer v. Platzek, 133 App. Div. 25, 117 N. Y. Supp. 852. In People ex rel. Munsell v. Court of Oyer & Terminer, supra, the offense was committed in the course of or in connection with a criminal trial, and the proceedings to inflict punishment therefor were reviewed by certiorari. The same was true in People ex rel. Taylor v. Forbes, 143 N. Y. 219, 38 N. E. 303, and People ex rel. Barnes v. Court of Sessions, supra. In Lathrop v. Clapp, 40 N. Y. 328, 100 Am. Dec. 493, it is not entirely clear whether the proceedings were to punish for a civil or a criminal contempt. The order contained no recital that the rights of any one in the supplementary proceeding had been impeded, impaired, prejudiced, or defeated by defendant's misconduct, as would seem to be necessary if it was a civil contempt. This determination was reviewed by appeal. In Kendrick v. Wandall, 88 Hun, 518, 34 N. Y. Supp. 976; People ex rel. Negus v. Dwyer, 27 Hun, 548, affirmed 90 N. Y. 402; People ex rel. Gaynor v. McKane, 78 Hun, 154, 28 N. Y. Supp. 981; and People ex rel. Stearns v. Marr, 181 N. Y. 463, 74 N. E. 431, 106 Am. St. Rep. 562, 3 Ann. Cas. 25—each of which was a proceeding for a criminal contempt, the order determining the fact of such contempt and imposing punishment therefor was reviewed by appeal. In Boon v. McGucken, 67 Hun, 251, 22 N. Y. Supp. 424, the order of the Special Term was reversed because the facts proven did not constitute criminal contempt; but the review of such order was by appeal and not by certiorari. In People ex rel., etc., v. Gilmore, 88 N. Y. 626, although the proceeding for criminal contempt arose in connection with a charge of misdemeanor, and it was held to be so far criminal in character that an unsuccessful relator was not chargeable with costs, the review was by appeal. In Matter of Teitelbaum, 84 App. Div. 351, 82 N. Y. Supp. 887, the Appellate Division of the First Department did say:

"The practice to review a proceeding adjudging a party guilty of a criminal contempt is not by appeal, but by certiorari"—citing People ex rel. Taylor v. Forbes, supra.

Under the circumstances of that case the statement may have been correct. Teitelbaum had been summarily adjudged guilty of contempt committed in the presence of the court, during the course of the trial. He then made a motion, based upon his own affidavit, to vacate this order, which was denied, and he then appealed from both orders. The court said:

"The record as thus made is not certified, either by the justice presiding or by any other officer, that the affidavit" (appellant's affidavit used on the motion to vacate) "contains all of the proceedings which were had before the justice or of the orders entered thereon. * * * No court would be authorized to review the proceedings unless a record was made up, properly authenticated, and thereby enable the reviewing court to see what the actual case was upon which the court acted in adjudging the defendant guilty of contempt."

If the language of the court as to the method of review is to be construed as applicable to every case of criminal contempt, no matter how or where it arises, we should not be inclined to follow it. People ex rel. Palmieri v. Marean, 86 App. Div. 278, 83 N. Y. Supp. 843, was also a case of summary commitment for an offense committed in the presence of the court, and was reviewed by certiorari. In People ex rel. Kuhne v. Burr, 127 App. Div. 907, 111 N. Y. Supp. 1136, affirmed without opinion 195 N. Y. 610, 89 N. E. 1109, the offense was committed in connection with proceedings in a criminal court, to wit, the County Court of Kings county, although the hearing was had and the punishment imposed upon the civil side of the Supreme Court; the writ of habeas corpus which was disobeyed having been issued by a justice of that court. The accused both appealed and sued out a writ of certiorari, and the cases came on for hearing together. No stress was laid on the form of the procedure, and the decision was handed down in the certiorari proceeding. People ex rel. Drake v. Andrews, 134 App. Div. 32, 118 N. Y. Supp. 37, was also a case where the alleged contempt arose in connection with a criminal proceeding. The Appellate Division reversed the order for commitment upon a writ of certiorari, upon the ground that the conceded facts did not constitute a criminal contempt. The decision in that case was reviewed in the Court of Appeals upon the merits, the order of the Appellate Division reversed, and the relator remanded to custody. The question of the form of the procedure in which a hearing was had at the Appellate Division seems not to have been raised in that court. If certiorari was not the proper remedy, the Court of Appeals would have been obliged to reverse the order of the court below. Instead of reversing upon any technical ground, it reversed upon the merits. Pitt v. Davison, 37 N. Y. 235; King v. Flynn, 37 Hun, 329; Greite v. Hendricks, 71 Hun, 11, 24 N. Y. Supp. 545; Matter of Backus, 91 App. Div. 266, 86 N. Y. Supp. 638; Matter of Westminster Realty Corp., 123 App. Div. 797, 108 N. Y. Supp. 551; Matter of Woods, 134 App. Div. 361, 119 N. Y. Supp. 69; Feinberg v. Kutcosky, 47 App. Div. 393, 132 N. Y. Supp. 9; and Schreiber v. Garden, 152 App. Div. 817, 137 N. Y. Supp. 747—were each of them a case of a civil and not a criminal contempt.

[9] Our attention has been called to no well-considered case, nor have we been able to discover any by our own industry, in which a criminal contempt was committed in connection with a civil action or a civil special proceeding and where the adjudication was not summary in character, in which such adjudication has been reviewed in any other manner than by appeal. The general policy of the law as expressed in our statutes is to make this the only method of review when it is applicable.

It is applicable in this case, and the order vacating the order directing the writ of certiorari to issue, and quashing the writ, should be affirmed, without costs. All concur.