William W. Watrous, Respondent, *v.* Patrick Kearney et al., Appellants.

An order punishing for contempt, in violating an injunction, can only be reviewed, upon the merits or for alleged legal error, on appeal from the order.

It is within the discretion of the court whether to open or vacate the order on motion, and the exercise of this discretion cannot be reviewed here.

Where a party has been brought into court on attachment, in proceedings to punish for contempt, he may be represented by attorney in the subsequent proceedings.

An order punishing defendants for contempt was granted by default. On motion to vacate the order, it was alleged, in the moving papers, that the attorneys who appeared for the defendants in the proceedings had no authority. The attorney, who appeared on return of the attachment, made affidavit that he was authorized; the defendants were also personally present; the same attorney appeared before the referee, to whom it was referred, to take proofs. Notice of motion for final order was served on, and service admitted by, attorneys who had appeared for defendants in the action, and who had also admitted service of the referee's report. *Held,* that as the attorneys thus undertook to represent defendants, the mere allegation of want of authority so to do did not invalidate the order.

(Submitted December 17, 1879; decided January 13, 1880.)

Appeal from order of the General Term of the Supreme Court, in the third judicial department, affirming an order of Special Term, which denied a motion on the part of defendants, Kearney and Littybridge, to vacate and set aside an order imposing upon them a fine for contempt in violating a temporary injunction herein. (Reported below, 11 Hun, 584.)

The facts appear sufficiently in the opinion.

*Edward K. Clark,* for appellants. An order or judgment taken by default is not appealable. (*Flake* v. *Van Wagener,* 54 N. Y., 25; *Gelston* v. *Hoyt,* 13 J. R., 561; *Innes* v. *Purcell,* 58 N. Y., 388; Code Civil Proc., § 1294.) This court should reverse the order so that the Supreme Court may pass

upon the merits. (*Brown* v. *Brown*, 58 N. Y., 609; *Tilton* v. *Beecher*, 59 id., 176.) The injunction was void, the county judge having no jurisdiction to grant it, and not being subject to contempt. (Supreme Court Rule, 94 of 1870 ; *Town of Midd'etown* v. *The Rondout and Oswego R. R. Co.*, 43 How., 481; 1 Crary's Special Proceedings [2d ed.], pp. 176, 177; *People* v. *Sturtevant*, 9 N. Y. [5 Seld.], 263–266; *Deming* v. *Corwin*, 11 Wend., 647, 652; *Kamp* v. *Kamp*, 59 N. Y., 216.) These proceedings being distinct from the action, the service on the attorneys, who appeared, of the notice to confirm the referee's report, and impose a fine, was irregular. (*Sudlow* v. *Knox*, 7 Abb. [N. S.], 411.)

*Stephen C. Millard*, for respondent. An order punishing a party to an action as for contempt, by imposing a fine for the indemnity of the adverse party injured, by his refusal to obey the order of the court, is appealable to the Court of Appeals. (*Sudlow* v. *Knox*, 7 Abb. [N. S.], 411.) The county judge had jurisdiction to grant this injunction. (Code, §§ 218, 223, 225; *Rice* v. *Ehle*, 55 N. Y., 518; *Winston* v. *English*, 14 Abb. [N. S.], 124.) The county judge had authority in the premises. (*Harold* v. *Hefferman*, 42 How., 241; *Hathway* v. *Warner*, 44 id., 161; *Kennedy* v. *Simons*, 1 Hun, 603, 604.) Service upon defendants' attorney was sufficient. (*Webb* v. *Bailey*, 54 N. Y., 164; 40 id., 137, 335, 338, 340; *Erie Railway Co.* v. *Ramsey*, 45 id., 637.)

RAPALLO, J. The order appealed from affirmed an order of the Special Term denying a motion by the appellants to set aside or open an order imposing upon them a fine for contempt in violating an order of injunction. The motion was founded on allegations that the order was erroneous in various respects, and also that attorneys had appeared for the appellants without their authority, in the attachment proceedings. The attorney who appeared on the return of the attachment makes affidavit that he was authorized by the

appellants so to do, and it seems that they were personally present at the time, and the same attorney appeared for them on the subsequent proceeding before the referee to whom it was referred to take proofs. In so far as the motion is founded upon the merits, or upon alleged legal errors, those can only be brought before this court by appeal from the the final order. To this the appellants answer that they could not appeal from the final order because it was entered on default. It appears however that it was entered on notice to Messrs. Smith, Bancroft & Moak, who had not only appeared for the appellants in the action, but who had as their attorneys admitted service of a copy of the referee's report and of notice of the motion thereon for the final order. They thus undertook to represent them on that motion, and the mere allegation of want of authority to do so does not invalidate the order. The appellants having been personally brought into court on the attachment, they could be represented by attorney in the subsequent proceedings. The plaintiff's proceedings to punish for the alleged contempt appear to have been regular and it was discretionary with the court below whether or not to open or vacate the order on motion.

The appeal should be dismissed with costs.

All concur.

Appeal dismissed.