WILLIAM R. HART, RESPONDENT, *v.* HENRY JOHNSON, APPELLANT, IMPLEADED, ETC.

*Practice — when an appeal may be taken from an order in supplementary proceedings — Code of Civil Procedure, secs.* 3050, 3051 — *when defects in the service thereof are waived by an appearance — when a refusal to answer pertinent questions authorizes the court to find that the plaintiff's rights have been impaired.*

The defendant having refused to answer numerous questions put to him upon an examination before a referee, in proceedings supplementary to execution instituted by the plaintiff, on a judgment recovered against one Bowman and others, an order was made adjudging him to be guilty of a contempt and directing a reference to ascertain and determine the loss or injury occasioned by his contempt. Upon the hearing of an appeal taken by him from this order the respondent contended that the order was not appealable as it was not a final order.

*Held,* that the objection was not well taken; that since the word "final" was stricken from section 1356 of the Code of Civil Procedure, by the amendment of 1877, the right to appeal in special proceedings is not limited to final orders.

That a defect in the proof of the service of the original order for his examination could not be urged by the defendant after he had appeared, with his attorney, and submitted to an examination in which he admitted its service.

That an objection, that the order to show cause why he should not be punished for a contempt was not served personally on the defendant, was waived by the fact that his attorney appeared for him on the return day and procured an adjournment.

That as it appeared that the plaintiff had recovered a judgment, and that, after an execution issued thereon had been returned unsatisfied, an order had been made for the examination of the defendant Johnson, upon the ground that he had property of the judgment debtors in his possession, his refusal to answer pertinent questions as to whether he had such property of necessity did tend to defeat, impair, impede and prejudice the rights and remedies of the plaintiff and authorized the court to adjudge that they were in fact so defeated and impaired.

APPEAL from an order of the Wayne Special Term, adjudging Henry Johnson guilty of a contempt, and ordering a reference to ascertain and determine the loss or injury occasioned by his contempt.

*John H. Camp,* for the appellant.

*S. B. McIntyre,* for the respondent.

HAIGHT, J.:

The plaintiff, as a judgment creditor of George H. Bowman and others, upon an affidavit showing that the appellant had property of the judgment debtors and was indebted to them in an amount exceeding ten dollars, procured an order requiring him to appear and be examined and to answer concerning the same. Upon such examination numerous questions were asked, which he declined to answer, and thereupon, upon application to the Special Term, the order appealed from was made.

It is contended, in the first place, that the order is not appealable, for the reason that it is not a final order. Proceedings to punish a person for contempt is a special proceeding, and the mode of review is provided by sections 1356 and 1357 of the Code of Civil Procedure. The appeal in this case was taken under the former section, which provides that " an appeal may be taken to the General Term of the Supreme Court, or of a Superior City Court, from an order affecting a substantial right made in a special proceeding at a Special Term or a trial term of the same court, or in the Supreme Court at a term of a Circuit Court, or made by a judge of the same court in a special proceeding instituted before him, pursuant to a special statutory provision, or instituted before another judge and transferred to or continued before him."

It will be observed that this section provides that an appeal may be taken from "an order affecting a substantial right." As this section was originally adopted in 1876, it provided that an appeal could be taken from a *final* order affecting a substantial right, and to the same effect were the provisions of section 1357 as adopted in 1876 ; but, by the amendment of these sections in 1877, the word " final," preceding the word " order," was stricken out. We must assume that the legislature intended, by this amendment, to effect a change in these sections, for unquestionably before this amendment a final order in a special proceeding only could be appealed from. The fact that the amendment strikes out the word "final" necessarily leads to the conclusion that it was intended to enlarge the scope of the sections, so as to permit an appeal from any order that affects a substantial right. The reviser, in his note to these sections, expressly states that this was the object of the amendment. It is true that the word "final" is retained in sections 1358 and

1359, and in the absence of the amendment striking out the word "final" in the two preceding sections, it might be considered as explaining what order was meant by those sections, but the reviser in his note also informs us that the word "final" in the last two sections was left in by an error. We, consequently, are of the opinion that the right to appeal is not limited to final orders in special proceedings.

It is first contended, on the part of the appellant, that the original order for the examination of Johnson was never served upon him. The affidavits read fail to show a service. The most that they show is that the papers were sent to one Mason, and that he procured another person to serve the papers, and that that person had reported to him that they were served; but Johnson and his attorney appeared, and Johnson was sworn and submitted to an examination without raising any question in reference to the service of the order upon him; and upon the examination when asked the question : "When was the order in these proceedings served upon you?" he answered: "I can't give you the date; it was last month or this month; that's as near as I can state it." This we regard as a sufficient admission of service to give the court jurisdiction.

Again, it is claimed, that the court acquired no jurisdiction of the proceedings to punish for contempt, for the reason that the order to show cause was not served upon Mr. Johnson. The order was, in fact, served upon the attorney who appeared for him in the supplementary proceedings. The attorney appeared for him upon the return day of the order to show cause, and two adjournments were procured. On the third day to which the proceedings had been adjourned, Johnson, for the first time, objected to the jurisdiction of the court upon the ground that the order to show cause was not served upon him personally. We are of the opinion that he was too late and that his objection was not well taken. The supplementary proceeding was the proceeding upon which the proceeding to punish for contempt was based. An attorney appeared for him in those proceedings, and the attorney who subsequently raised the objection that the order was not personally served, appeared for him on the return day of the order to show cause and procured an adjournment. (*Watrous* v. *Kearney*, 11

Hun, 584; same case affirmed, 79 N. Y., 496; *Pitt* v. *Davison,* 37 N. Y., 235.)

Again, it is contended, that the court erred in adjudging that the misconduct of the defendant did actually defeat, impair, impede and prejudice the rights and remedies of the judgment creditor. Undoubtedly there must be evidence before the court that sustains this adjudication. Whether or not the misconduct alleged did in fact defeat, impair, impede and prejudice the judgment creditor is to be determined from the facts and circumstances in the case. (*Fischer* v. *Raab,* 81 N. Y., 235.) The fact appeared that Hart was a judgment creditor; that an execution had been returned unsatisfied; that an order had been procured to examine Johnson upon the ground that he had property of the judgment debtors. His refusal to answer pertinent questions as to whether he had such property of necessity did tend to defeat, impair, impede and prejudice, etc., the rights of the plaintiff.

It is also contended that many of the questions were remote and did not bear upon the subject upon which the order for examination had been made. Johnson was ordered to appear and answer in reference to his having property of the judgment debtors. Any question tending to show that he had such property is pertinent and proper. The questions which he refused to answer bear upon the question as to whether or not himself and the other judgment creditors had purchased the patent right which was subsequently conveyed to their wives, in view of their insolvency, for the purpose of hindering, delaying and defrauding creditors, and as to whether he, claiming to act as the agent of his wife, had the proceeds of any such property in his possession. If the judgment debtors had transferred property to their wives, in fraud of the right of creditors and such property or the proceeds thereof was in Johnson's hands, the judgment creditor had the right to a discovery of this property in these proceedings, and the questions calling for the facts in reference thereto were proper and pertinent.

It follows that the order appealed from should be affirmed with ten dollars costs and disbursements.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.