## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### November 9, 1917.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SEAN CONWAY, Appellant, v. WARDEN and KEEPER OF THE SECOND DISTRICT PRISON OF THE CITY OF NEW YORK, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARGARET T. J. CURLEY, Appellant, v. WARDEN and KEEPER OF THE SECOND DISTRICT PRISON OF THE CITY OF NEW YORK, Resondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN D. MOORE, Appellant, v. WARDEN and KEEPER OF THE SECOND DISTRICT PRISON OF THE CITY OF NEW YORK, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN W. JOHNSON, Appellant, v. WARDEN and KEEPER OF THE SECOND DISTRICT PRISON OF THE CITY OF NEW YORK, Respondent.

(180 App. Div. 336.)

JURISDICTION OF CITY MAGISTRATE, CITY OF NEW YORK, TO TRY DEFENDANT CHARGED WITH DISORDERLY CONDUCT — HABEAS CORPUS — WHEN WRIT ISSUE TO DETERMINE SUFFICIENCY OF INFORMATION.

Where a magistrate in the city of New York acts as a committing magistrate only and holds a defendant for trial in another court, his authority to act depends upon his having before him some evidence showing that a crime has been committed and that there is probable cause to believe the defendant committed it and in such case the question as to whether the evidence before the magistrate justifies the issuance of the warrant may be tested on habeas corpus.

SAME — WHEN DECISION OF MAGISTRATE CANNOT BE REVIEWED ON HABEAS CORPUS.

But where such magistrate instead of holding a defendant for trial in another court commits a defendant charged with disorderly conduct for

trial before himself, he is exercising his summary jurisdiction to try a case of disorderly conduct conferred by sections 1458 and 1459 of the Consolidation Act and his decision as to whether the facts charged constituted the offense and whether the defendant was guilty cannot be reviewed on habeas corpus but only by appeal.

APPEALS by the relator in each case, Sean Conway and others, from orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of September, 1917, dismissing writs of habeas corpus and remanding the relators to custody.

*John J. O'Leary,* for the appellants.

*Robert S. Johnstone,* for the respondent.

DAVIS, J.:

The appeals relate to four proceedings by habeas corpus, and the same question is involved in all of them. The relators were arrested on charges of disorderly conduct. In each case an information was laid before the city magistrate specifying certain acts constituting the offense of disorderly conduct. Upon these informations the city magistrate committed the various defendants for trial before the magistrate. They gave bail, but subsequently they were surrendered and these writs obtained.

The main contention of the relators is that the informations did not contain facts sufficient to give the magistrate jurisdiction to issue the commitment. Thus they claim that the jurisdiction of the magistrate depends upon the sufficiency of the complaints. In effect they demur to the information and seek a decision on their demurrer by habeas corpus.

On the other hand, the district attorney contends that the magistrate had jurisdiction to try persons charged with the offense of disorderly conduct, and that jurisdiction does not depend upon the sufficiency of the complaint, and, therefore, that the magistrate's decision that the facts alleged in the complaint make out a case of disorderly conduct cannot be reviewed by habeas corpus.

In these cases the magistrate did not act as a committing magistrate, holding the relators for trial in another court. He committed the relators pending a trial before himself. Therefore, in these cases we are not concerned with the jurisdiction of the magistrate where he is acting solely as a committing magistrate but only where he acts as a trial judge, summarily trying the persons charged with an offense. Where he is acting as a committing magistrate only, his authority to act will depend upon his having before him some evidence showing that a crime had been committed and that there was probable cause to believe the defendant committed it. In such cases the question of whether or not the evidence before the magistrate justifies the issuance of the warrant may be tested on habeas corpus. (People ex rel. Perkins v. Moss, 187 N. Y. 410, 418.) But in the case at bar the magistrate was not acting as a committing magistrate. He was exercising his summary jurisdiction to try a case of disorderly conduct, conferred by sections 1458 and 1459 of the Consolidation Act (Laws of 1882, chap. 410), and the commitments complained of were made to hold the defendants pending the trial. The magistrate had undoubted jurisdiction to try this offense, to decide whether the facts charged constituted the offense, and whether the defendants were guilty; and his decision on these points cannot be reviewed on habeas corpus, but only on appeal. To hold otherwise would be equivalent in principle to holding that a defendant indicted for felony, and arrested on a bench warrant, could vacate the warrant and obtain his discharge by a writ of habeas corpus on showing that the indictment did not state facts sufficient to constitute a crime.

In these cases, assuming even the insufficiency of the complaints, a jurisdictional question is not raised. For these reasons each of the orders dismissing the writs of habeas corpus should be affirmed.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

In each case, order affirmed.