**714** EASTERN C. S. CO. *v.* B. & M. P. I. U., LOCAL No. 45.

Fourth Department, March, 1922. [Vol. 200

EASTERN CONCRETE STEEL COMPANY, Respondent, *v.* BRICKLAYERS' AND MASON PLASTERERS' INTERNATIONAL UNION, LOCAL No. 45, OF BUFFALO, NEW YORK, Defendant.

WILLIAM J. STYNES, Business Agent of Said Defendant, Appellant.

Fourth Department, March 8, 1922.

Contempt — criminal contempt in civil action — finding of guilty justified — punishment in discretion of court — discretion not abused — order affirmed without costs — civil and criminal contempt distinguished — disobeying injunction may be either civil or criminal contempt — in either case proceeding to punish is proceeding in civil action — proper practice in proceeding to punish for contempt for disobeying court order discussed — appeal — review of contempt proceedings in civil action is by appeal only — costs not allowed because of decision of Court of Appeals.

In a proceeding to punish for a criminal contempt in a civil action, *held*, that the finding that the defendant was guilty was justified and, as the punishment was in the discretion of the court, which discretion it appeared was not abused, the order adjudging defendant guilty and fixing his punishment should be affirmed but without costs.

*It seems*, that, in respect to disobedience of court orders, the sole difference between a criminal and a civil contempt is that a willful disobedience is a criminal contempt, while a mere disobedience whereby the rights of a party to an action are defeated or hindered is a civil contempt.

For a criminal contempt in willfully disobeying an order of a court of record, a person may be punished by a fine or imprisonment or both, and any fine paid goes into the public treasury, it being imposed as a punishment and not to indemnify the moving party.

In a civil contempt proceeding the fine imposed is to indemnify the party complaining and is paid over to him.

*It seems*, that a proceeding to punish a defendant for disobeying an injunction granted in a civil action may be either a proceeding to punish for a civil contempt or one to punish for a criminal contempt, but that in either event it is a special proceeding in a civil action.

*It seems*, that where the proceeding is commenced by an order to show cause the papers should be entitled in the action, and the proceeding is usually conducted by plaintiff's attorney.

*It seems*, that in a criminal contempt proceeding, the final order should recite that the contempt was willful, but it need not recite that the contempt "defeated, impaired, impeded or prejudiced a right or remedy of a party," while in a civil contempt proceeding, the final order must recite that the contempt "defeated, impaired, impeded or prejudiced a right or remedy of a party," but need not recite that the contempt was willful.

*It seems*, that the fact that a willful contempt of a court of record is denominated criminal does not make the proceeding to punish it a criminal proceeding.

*It seems*, that the proper practice for reviewing an order in either a civil or criminal contempt proceeding in a civil action is by appeal.

Although it seems logical that in a criminal contempt proceeding in a civil action costs should be allowed under section 1492 of the Civil Practice Act, yet in view of a contrary decision of the Court of Appeals, costs are not allowed in this instance.

APPEAL by William J. Stynes, business agent of the defendant, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie

on the 20th day of May, 1921, adjudging the appellant guilty of contempt of court and sentencing him to be imprisoned in the Erie county jail for thirty days.

*Hamilton Ward* [*William J. Flynn* of counsel], for the appellant.

*Stanley & Gidley* [*Ray M. Stanley* of counsel], for the respondent.

HUBBS, J.:

The appeal in this proceeding is based on the ground that the decision of the Special Term was against the weight of the evidence and that the punishment imposed was too severe.   The learned justice presiding at Special Term refused to determine the question of fact involved upon the affidavits submitted but required that witnesses be brought into court and examined.   He had an opportunity, therefore, to observe the witnesses and to pass upon their credibility.   The evidence fully justified the finding that the appellant was guilty of criminal contempt.   The punishment imposed was largely in the discretion of the Special Term and we do not feel that its discretion was abused.   We would be content to affirm the order without opinion were it not for certain questions of practice in contempt proceedings about which there is great confusion.

Frequently an order in a criminal contempt proceeding in a civil action contains the recitals appropriate to an order in a civil contempt proceeding; and orders in civil contempt proceedings often contain recitals only applicable in criminal contempt proceedings.   Sometimes such orders contain provisions appropriate to both civil and criminal contempt proceedings and, from reading such orders, it is impossible to say whether the party has been adjudged in civil or criminal contempt.   There is sometimes a failure to differentiate between a criminal contempt in a civil action and a criminal contempt in a criminal action, and for that reason the papers are not properly entitled.   Again, there is confusion as to the proper method of reviewing orders in contempt proceedings and in regard to granting costs in such proceedings.

The Code of Civil Procedure (§ 8) gave courts of record power to punish for criminal contempt.   Section 14 gave the same courts power to punish for civil contempt.   Those sections of the Code of Civil Procedure were transferred, in 1909, to the Judiciary Law (Laws of 1909, chap. 35), and became, respectively, sections 750 and 753 of the Judiciary Law (Consol. Laws, chap. 30).   It is stated in the case of *People ex rel. Negus* v. *Dwyer* (90 N. Y. 402) that: " As it respects disobedience to the orders of a court, the sole difference appears to be that a ' wilful ' disobedience is a criminal contempt, while a mere disobedience by which the right of a party to an action is defeated or hindered is treated otherwise."   That

**716** Eastern C. S. Co. *v.* B. & M. P. I. U., Local No. 45.

Fourth Department, March, 1922.          [Vol. 200

distinction has been reiterated and the statement there made by Judge Finch approved in many cases.

A proceeding to punish a defendant for disobeying an injunction order granted in a civil action may be either a proceeding to punish for a civil contempt or one to punish for a criminal contempt. (*Koenig* v. *Eagle Waist Company, Inc.*, 176 App. Div. 724.) In either event, it is a special proceeding in a civil action. (*People ex rel. Negus* v. *Dwyer, supra.*) Where the proceeding is commenced by an order to show cause the papers should be entitled in the action, and the proceeding is usually conducted by the plaintiff's attorney. (*Typothetæ of City of New York* v. *Typographical Union No. 6*, 117 N. Y. Supp. 144; Id. 70, where the opinion of the referee is reported in full; 132 App. Div. 921; affd., 196 N. Y. 571.)

In a criminal contempt proceeding, that is, a proceeding to punish for willful disobedience of an order of a court, the final order should recite that the contempt was willful, but it need not recite that the contempt " defeated, impaired, impeded, or prejudiced " a right or remedy of a party to the action or special proceeding. For a criminal contempt in willfully disobeying an order of a court of record a person may be punished by a fine or imprisonment or both. (Judiciary Law, § 751.) The fine imposed and collected for a criminal contempt in a civil action goes into the public treasury, and is imposed to punish the person guilty of the contempt and not to indemnify the moving party. In the case of *People ex rel. Stearns* v. *Marr* (181 N. Y. 463) Judge Vann said: " There are three parties to every proceeding to punish for a criminal contempt, the plaintiff, the defendant and the People. If a fine is imposed it goes into the public treasury when paid, and is for ' punishment rather than indemnity, and if imprisonment is added, it is in the interest of public justice and purely as a penalty and not at all as a means of securing indemnity to an individual.' (*People ex rel. Munsell* v. *Court of Oyer & Terminer*, 101 N. Y. 245, 248.) While the court may be set in motion by a person who has been injured, it acts to punish the wrong to the public rather than to redress the private injury."

In a civil contempt proceeding to punish a person for the disobedience of an order of the court, the final order should recite that the contempt " defeated, impaired, impeded, or prejudiced " the right or remedy of a party." It need not recite that the contempt was willful. In such a proceeding the fine imposed is to indemnify the party injured by the civil contempt and is paid over to the aggrieved party under the direction of the court. In case no loss or injury has been produced the court may impose a fine not

exceeding the complainant's costs and expenses and $250 in addition, to be paid to the complainant.  (Judiciary Law, § 773.)

The mere fact that a contempt of a court of record which is willful is denominated criminal does not make the proceeding to punish it a criminal proceeding.  While it was decided in *People ex rel. Negus* v. *Dwyer* (*supra*) that both a proceeding to punish for a civil contempt and a proceeding to punish for a criminal contempt in a civil action were special proceedings under the Code of Civil Procedure, it was said that a criminal contempt arising in a criminal action is not a special proceeding as defined in the Code of Civil Procedure.

The whole question of practice upon reviewing an order punishing one for criminal contempt in a civil action was reviewed by Mr. Justice Burr in *Matter of Hanbury* (160 App. Div. 662) and he reached the following conclusion:  " Our attention has been called to no well-considered case, nor have we been able to discover any by our own industry, in which a criminal contempt was committed in connection with a civil action or a civil special proceeding and where the adjudication was not summary in character in which such adjudication has been reviewed in any other manner than by appeal.  The general policy of the law as expressed in our statutes is to make this the only method of review when it is applicable."  It is pointed out in that case that certiorari might be a proper practice to review an order adjudging one guilty of criminal contempt in a criminal action or proceeding, or in a case where one had been summarily adjudged guilty of contempt committed in the presence of the court, for in such cases there would be no other method by which the appellate court could get before it the record of the proceeding.  Section 2148 of the Code of Civil Procedure provided as follows:  " This article is not applicable to a writ of certiorari, brought to review a determination made in any criminal matter, except a criminal contempt of court."  That section of the Code of Civil Procedure was carried into the Civil Practice Act and is now section 1312 of that act.

The decision in *Matter of Hanbury*, and cases there cited, limit section 2148 of the Code of Civil Procedure to criminal contempt proceedings in criminal actions.  The proper practice for reviewing an order in either a civil or a criminal contempt proceeding in a civil action is, therefore, by appeal from the order.  In the case of *People ex rel. Stearns* v. *Marr* (*supra*), a proceeding to punish for a criminal contempt, the Appellate Division affirmed an order punishing the defendants in that case, with costs.  (88 App. Div. 422.) The Court of Appeals modified the order of the Appellate Division by striking out the allowance of costs and held that costs could not be allowed in a criminal contempt proceeding in a civil action.

It is somewhat difficult to understand how the Court of Appeals could have reached that conclusion. The case of *People ex rel. New York Society for Prevention of Cruelty to Children* v. *Gilmore* (88 N. Y. 626), cited as authority, was a criminal case, and the contempt arose in such criminal case and is not authority for the practice in the case of criminal contempt arising in a civil action, it being settled that a proceeding to punish for a criminal contempt in a civil action is a civil special proceeding. (*People ex rel. Negus* v. *Dwyer, supra.*) It would seem to follow that costs could be allowed under section 1492 of the Civil Practice Act, which provides that where the costs in a special proceeding are not specially regulated in the act they may be awarded to any party in the discretion of the court at the rates allowed for similar services in an action. Section 751 of the Judiciary Law prescribes the punishment for a criminal contempt in a civil action. It may be by a fine not exceeding $250 or by imprisonment not exceeding thirty days, or both. In that section nothing is said about costs, but as the proceeding is a special proceeding in a civil action and the costs in such proceedings are fixed by section 1492 of the Civil Practice Act, it would seem to follow that costs could be allowed in a criminal contempt proceeding growing out of a civil action. In view, however, of the decision of the Court of Appeals in *People ex rel. Stearns* v. *Marr*, we feel that costs should not be allowed in this proceeding. (See, also, *Gompers* v. *Bucks Stove & Range Co.*, 221 U. S. 418, 447.)

All concur.

Order affirmed, without costs.