The People of the State of New York ex rel. Charles Smith, Respondent, v. Robert Barr, as Warden of the City Prison of the City of New York, Defendant.
The People of the State of New York, Appellant.

First Department, March 23, 1928.

**Habeas corpus — when writ does not lie — relator was held for Special Sessions on charge of violating Penal Law, § 551, and information was filed — writ sued out next day dismissed.**

The relator was held for Special Sessions charged with a violation of section 551 of the Penal Law and an information was filed on December 14, 1927. This writ was sued out on December 15, 1927, and the relator's discharge is sought on the ground that the facts do not show that a crime was committed.

A writ of habeas corpus will not lie to review the commitment by a magistrate after an information has been duly filed in a court of competent jurisdiction.

Appeal by the People of the State of New York from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 23d day of December, 1927.

*Edward V. Loughlin, Deputy Assistant District Attorney*, of counsel [*Joab H. Banton, District Attorney*], for the appellant.

No appearance for the respondent.

McAvoy, J. At Special Term an order was made sustaining a writ of habeas corpus and discharging this relator from custody.

The relator was arrested charged with the violation of section 551 of the Penal Law (as amd. by Laws of 1917, chap. 348) which relates to the sending of letters tending to cause annoyance to others. After a hearing before a magistrate he was held for Special Sessions. Thereafter an information was filed in Special Sessions on December fourteenth last. This writ was sued out on the fifteenth of December, the day following. The petition for the writ alleged that the magistrate was without power to hold the relator for Special Sessions, as the facts proven before him did not constitute a crime. The People contend that inasmuch as the writ was obtained subsequent to the filing of the information in the Court of Special Sessions the writ did not lie. The court, at Special Term, however, sustained the writ and discharged the prisoner.

We recently decided that where the court has power to hear and determine offenses and has jurisdiction of the subject-matter and of the person of a defendant, such jurisdiction attaches upon the filing of an information charging the crime, and that such

court then has full power to pass upon all questions that may arise, including sufficiency of the information and of the evidence to sustain it and thereafter render judgment accordingly. (*People ex rel. Bailey* v. *McCann*, 222 App. Div. 465.)

It is too late after an information has been duly filed in the proper court to review the commitment of a magistrate by a writ of habeas corpus. The sufficiency of the evidence upon which a defendant was held by the committing magistrate is not then open for examination. An information has the same force as an indictment which cannot be reviewed on a writ of habeas corpus. The information takes the place of an indictment in cases thus prosecuted, and by its filing jurisdiction is transferred to the Court of Special Sessions. All the legal rights of the person accused can be safeguarded by an appropriate motion in that court.

The order of the Special Term sustaining the writ and discharging the relator should be reversed, the writ dismissed and the relator remanded, to be dealt with according to law.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, the writ dismissed and the relator remanded, to be dealt with according to law.