THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY FRANK, Respondent, *v.* JOHN A. MCCANN, as Warden of the New York County Penitentiary of the City of New York, Defendant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

First Department, November 1, 1929.

*John J. McNaboe, Deputy Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the appellant.

*Philip Wittenberg* of counsel [*Louis B. Boudin* with him on the brief; *Oberman & Buitenkant,* attorneys], for the respondent.

O'MALLEY, J. The order appealed from sustained a writ of habeas corpus and discharged the relator after his conviction in the Court of Special Sessions. The information there charged the violation of section 600 of the Penal Law which, in so far as material, provides: " A person who commits a contempt of court, of any one of the following kinds, is guilty of a misdemeanor: " * * *.

" 4. Wilful disobedience to the lawful process or other mandate of a court."

The mandate for a violation of which the relator was prosecuted was an injunction order of the Supreme Court, New York county,

made at Special Term. Upon conviction the defendant was fined the sum of $100, or in default of payment, sixty days' imprisonment.

The writ attacked the jurisdiction of Special Sessions to try the relator for the offense charged. The order appealed from must have been predicated upon such lack of jurisdiction for otherwise it could not properly have been made. (*People ex rel. Smith* v. *Barr,* 223 App. Div. 168; *People ex rel. Bailey* v. *McCann,* 222 id. 465; *People ex rel. Conway* v. *Warden of 2nd Dist. Prison,* 180 id. 336.)

In our view there was jurisdiction. Section 31, subdivision 1, of the Inferior Criminal Courts Act of the City of New York (Laws of 1910, chap. 659) provides that the Court of Special Sessions shall have jurisdiction as follows: " The court shall have in the first instance exclusive jurisdiction to hear and determine all charges of misdemeanor committed within the city of New York, except charges of libel."

It is further provided by subdivision 5 of section 31 of said Act (as added by Laws of 1913, chap. 679) that this court shall have power " to punish for a criminal contempt, a person guilty thereof, in the manner and subject to the limitations provided for courts of record, as prescribed by article nineteen of the Judiciary Law."

Counsel for the relator urges that the language used in this subdivision must be construed so as to give exclusive jurisdiction to the Supreme Court to punish for a violation of its mandates and that by the enactment of this subdivision it was the intent merely to give to Special Sessions power to punish for the contempt of its own orders.

Such is not our view. It is true, of course, that in a special proceeding to punish either for a civil or a criminal contempt courts of record are vested with exclusive jurisdiction over their own orders or mandates (*Eastern C. S. Co.* v. *B. & M. P. I. U.,* *Local No. 45,* 200 App. Div. 714; *People ex rel. Negus* v. *Dwyer,* 90 N. Y. 402); and section 750 of the Judiciary Law confers express power upon such courts to punish for a criminal contempt. However, such proceedings are not criminal proceedings in the true sense, nor the punishment meted out a sanction to a crime as such. As stated by BISCHOFF, J. (*Typothetae* v. *Typographical Union No. 6,* 66 Misc. 484): " The punitive authority of the court in cases of criminal contempt is not for the purposes of vindicating the criminal law * * *." It is not a crime that is the basis of the proceeding and such proceeding is not criminal in its nature. (*Eastern C. S. Co.* v. *B. & M. P. I. U., Local No. 45, supra;* *People ex rel. Negus* v. *Dwyer, supra.*)

Notwithstanding this exclusive power vested in courts of record it was nevertheless competent for the Legislature to provide that

a violation of the character here in question should be also punished as a crime. It is common knowledge that frequently injunctions against acts of violence are disobeyed. If such disobedience also comprehends acts which are themselves crimes, such as assault and battery, the punishment may be had either under contempt proceedings in the court whose mandate was disobeyed or in a court of competent criminal jurisdiction. Neither jurisdiction is exclusive.

It follows that the order should be reversed, and the relator remanded to custody.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed and the relator remanded to custody.