THE PEOPLE OF THE STATE OF NEW YORK ex rel. PERCY REED and Another, Relators, *v.* HENRY HENDRICKSON, Sheriff of Nassau County, Respondent.

Supreme Court, Nassau County, September 9, 1925.

*George Morton Levy,* for the relators.

*Martin W. Littleton, Jr., District Attorney,* for the respondent.

STEINBRINK, J. This is a habeas corpus proceeding following the arrest and detention of the relators pending their trial in the Court of Special Sessions of the incorporated village of Garden City, upon an information and depositions charging them with violation of the provisions of section 986 of the Penal Law.

On the argument, in the briefs, and subsequently, counsel for the relators, as well as the district attorney, requested of the court an expression of opinion concerning the legality of the system in operation at the greyhound race track conducted and operated by the

relators herein. As an exordium, and not as the basis of the decision about to be made, the following is stated: This system of selling so-called options purports to give the holders the right to purchase certain dogs participating in the races and these transactions take place just prior to each race and the options which the holders own must be exercised within a very limited time after the race is concluded and under rules promulgated by those operating the track. It is not for the court to deal in homiletics on the subject of gambling. The instinct has been part of man since Adam took a chance in the Garden of Eden. Why it should be legal, if not moral, to bet on horses, and illegal and unmoral to wager on dogs is difficult to understand, but that nevertheless is the state of our law. As the statute reads, lotteries are unlawful. Wheels of chance and raffles at church bazaars and county fairs are illegal, but under legislative protection betting on horse races is sanctioned. An attempt to create a rule of social order based on distinctions such as this is not only unwise but also unjust. The constant conflict of freedom versus law so essential to human welfare cannot be solved through legislative bodies trying to regulate man's morals. Man is created with free intelligent will. Proof of this is abundant and as recent as the failure of the " noble experiment " with prohibition. In other States, through provision and in the interest of a larger measure of honesty and fairness, there is regulation and control of the subject of gambling, wagering and betting, and it is turned into a source of revenue for the State. Were that done in New York, no one can vaticinate the result, but it is fairly certain that in the final analysis such action would meet with public approval. The court must deal with the law as it is laid down by the Legislature and the informations in this case laid before the acting police judge, who was duly authorized by statute to constitute himself a Court of Special Sessions in the incorporated village of Garden City, leads to the conclusion that the whole scheme or system is one conceived for the purpose of circumventing section 986 of the Penal Law. It may be that the trier of the fact is more naïve and will find otherwise, since what is here stated is not controlling. This decision will rest on the ground hereafter stated.

The relators were arraigned upon the said information and after pleading not guilty were admitted to bail. At their request the proceeding was adjourned. Prior to the adjourned day the relators surrendered and the present proceeding was instituted upon their surrender. The commitment directed that the relators be taken into custody for trial before the Court of Special Sessions. It thus appears that the writ was obtained subsequent to the filing of the information in the Court of Special Sessions. The authorities are

clear that after an information has been filed in the proper court the commitment of a magistrate may not be reviewed by way of writ of habeas corpus.

In *People ex rel. Smith* v. *Barr* (223 App. Div. 168) the situation was identical with that in the case at bar. The facts are succinctly stated in the opinion of the court, which is as follows: " McAvoy, J. At Special Term an order was made sustaining a writ of habeas corpus and discharging this relator from custody.

" The relator was arrested charged with the violation of section 551 of the Penal Law (as amd. by Laws of 1917, chap. 348) which relates to the sending of letters tending to cause annoyance to others. After a hearing before a magistrate he was held for Special Sessions. Thereafter an information was filed in Special Sessions on December fourteenth last. This writ was sued out on the fifteenth of December, the day following. The petition for the writ alleged that the magistrate was without power to hold the relator for Special Sessions, as the facts proven before him did not constitute a crime. The People contend that inasmuch as the writ was obtained subsequent to the filing of the information in the Court of Special Sessions the writ did not lie. The court, at Special Term, however, sustained the writ and discharged the prisoner.

" We recently decided that where the court has power to hear and determine offenses and has jurisdiction of the subject-matter and of the person of a defendant, such jurisdiction attaches upon the filing of an information charging the crime, and that such court then has full power to pass upon all questions that may arise, including sufficiency of the information and of the evidence to sustain it and thereafter render judgment accordingly. (*People ex rel. Bailey* v. *McCann,* 222 App. Div. 465.)

" It is too late after an information has been duly filed in the proper court to review the commitment of a magistrate by a writ of habeas corpus. The sufficiency of the evidence upon which a defendant was held by the committing magistrate is not then open for examination. An information has the same force as an indictment which cannot be reviewed on a writ of habeas corpus. The information takes the place of an indictment in cases thus prosecuted, and by its filing jurisdiction is transferred to the Court of Special Sessions. All the legal rights of the person accused can be safeguarded by an appropriate motion in that court. The order of the Special Term sustaining the writ and discharging the relator should be reversed, the writ dismissed and the relator remanded, to be dealt with according to law." (See, also, *People ex rel. Conway* v. *Warden & Keeper of Second District Prison of City of New York,* 180 App. Div. 336; *People* v. *Perrin,* 170 id. 375.)

In *People* v. *Perrin*, Mr. Justice RICH, writing for the court, clearly indicates the rule of law which requires the denial of this application, as follows: " Jurisdiction of the subject-matter is based upon the authority to hear and determine offenses of the class or grade charged in the information, and is not dependent upon the facts appearing in a particular case (*Hunt* v. *Hunt*, 72 N. Y. 217, 229), and jurisdiction of respondent's person followed and was acquired by the filing of the information and plea of not guilty thereto (*People ex rel. Phillips* v. *Hanley*, 164 App. Div. 150), and could not be affected by the illegality, if there was illegality, in the method of bringing him before the court. He waived that objection when he pleaded not guilty to the charge stated in the information and proceeded to trial."

It might be observed that the relators having pleaded to the charge stated in the information, it is too late for them to challenge its sufficiency by this proceeding. Orderly procedure requires that that question be urged in the Court of Special Sessions before which they stand committed for trial. All their legal rights can be safeguarded by an appropriate motion in that court.

Having come to the conclusion that this court cannot consider the pending application, it is unnecessary to pass upon the sufficiency of the information. Nevertheless, I have carefully studied the record and am of the opinion that as a pleading the information states facts sufficient to constitute the crime charged, and that the issues raised can only be determined upon a trial. Writ dismissed.