ENGLANDER COMPANY, INC., a Delaware Corporation, Respondent, v. SOL TISHLER, Individually and as President of BEDDING, CURTAIN & DRAPERY WORKERS UNION, LOCAL 140, C. I. O., et al., Appellants.— On reargument, the decision of this court handed down December 27, 1954 (284 App. Div. 1062), is amended to read as follows: Order, on reargument, granting plaintiff's motion to adjudicate defendants to be in contempt of court for violation of the terms of a Supreme Court order and fining each of them $250, modified by inserting provisions denying the motion as to defendants Tishler and Wagner and by inserting after the word "defendants" in the third and following paragraphs the words "Sirota and Levine" and by striking out subdivision "a" of the third ordering paragraph. Said order is further modified by striking from the fifth ordering paragraph the provision that the fines be paid to the plaintiff at the office of plaintiff's attorneys and by substituting in lieu thereof a provision that the said fines be paid into the State treasury. As so modified, order affirmed, with $50 costs and disbursements to plaintiff, payable by defendants Sirota and Levine. Except for the charge regarding the television programs, for which the defendants denied responsibility, all of the other acts charged in violation of the outstanding court order against picketing were not denied and therefore must be taken as true as against defendants Sirota and Levine, the proof being insufficient as to the remaining defendants. To have engaged in those acts was a clear contempt of court. It was stated at Special Term in a decision of May 3, 1954, in disposing of the motion to resettle the temporary injunction: "It was the intention of the court, in making the original order, to restrain defendants from the acts specified therein only in so far as those acts were motivated by the illegal purpose of forcing plaintiff to surrender its right to discontinue the operation of its plant." (N. Y. L. J., May 3, 1954, p. 13, col. 1.) The picketing from May 5 to May 10, 1954, of stores selling plaintiff's products was directed solely against the plaintiff for the discontinuance of its operations here, and was therefore violative of the outstanding court order. It could not be justified by anything contained in the aforesaid decision, wherein it was also stated: "The disposition of this motion is not a reversal of this intention nor does it nullify the effect of the original order." The order of the court is to be obeyed until and unless it is superseded by another court order. The papers which plaintiff submitted in support of this proceeding to adjudicate defendants in contempt of court clearly and expressly stated that the proceeding was for an adjudication of criminal contempt, and the statements of facts made in said papers were of a nature to establish that the contempt was criminal. A fine for criminal contempt must be made payable to the public treasury, and not, as in civil contempt, to the complaining party (*Eastern Concrete Steel Co.* v. *Bricklayers' & Mason Plasterers' Int. Union,* 200 App. Div. 714). Undoubtedly the same offensive conduct might at the same time constitute a civil contempt, but since

plaintiff so clearly proceeded for an adjudication of criminal contempt, without indicating that it also sought an adjudication for civil contempt, the fines should have been made payable as in a case of criminal contempt. Wenzel, Acting P. J., MacCrate, Beldock and Murphy, JJ., concur.