CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF CONKLIN, BINGHAMTON, KIRKWOOD and VESTAL, Respondent, *v.* SUSQUEHANNA VALLEY TEACHERS' ASSOCIATION et al., Appellants.

Third Department, January 3, 1974.

*Bernard F. Ashe* and *Rocco Solimando* for appellants.

*Shaw, Esworthy, O'Brien & Crowley* (*Frank C. Shaw* of counsel), for respondent.

*Per Curiam.* This is an appeal from so much of an order of the Supreme Court at Special Term, entered October 19, 1972 in Broome County, which, after hearing testimony and accepting evidence, granted plaintiff's motion for a preliminary injunction as against the individually named defendants and the defendant Susquehanna Valley Teachers' Association.

On October 6, 1972, 130 members of the 160-member faculty of the plaintiff's school district went on strike. The defendant Susquehanna Valley Teachers' Association is the bargaining representative under the Taylor Law for all of the teachers in the plaintiff's school district. The strike lasted until November 1, 1972. On October 11, 1972 the Supreme Court at Special Term, upon application of the plaintiff, granted an order to show cause why a preliminary injunction should not be issued, said proceeding being returnable on October 18, 1972. The order to show cause provided that service of the order " and the papers upon which it is based (and the summons and complaint)" be made on or before October 12, 1972 by delivery " to any of the above officers of said Defendant Teachers' Associations and on any person acting for or in behalf of the New York Congress of Teachers in this matter. Service of certified copy of this Order on persons unnamed herein shall be sufficient ".

Certified copies of the order and other papers in the proceedings were served on the individuals named (the above named individual defendants), two of whom were the president and the treasurer of the Susquehanna Valley Teachers' Association. Certified copies of the order were also served on individual strikers.

On October 13, 1972 the defendants moved to dismiss the proceeding and to vacate the October 11 ex parte order, said motion being made returnable on the same date as plaintiff's motion, October 18, 1972. Upon the return date, Special Term denied the defendants' motion for dismissal and at the close of testimony on behalf of the plaintiff in support of a preliminary injunction it granted such injunction as against the Susquehanna Valley Teachers' Association and all of its officers and members individually, denying, however, such an injunction as to the New York State Congress of Teachers as the plaintiff had failed to prove justification as against that organization.

Upon this appeal, the defendants raise several issues, to wit:

1 — The court did not acquire jurisdiction over the New York Congress of Teachers, the Susquehanna Valley Teachers' Association, the named individual defendants or the unnamed defendants;

2 — The complaint was defective and failed to state a cause of action;

3 — The temporary restraining order of October 11, 1972 should not have been issued;

4 — The preliminary injunction should not have been granted;

5 — The order granting a preliminary injunction is constitutionally void insofar as it infringes upon, interferes with and denied defendants' First Amendment rights protected by the United States Constitution.

The sole issue which might have any merit in this court is the contention of the defendants that the court did not acquire jurisdiction over them. Section 13 of the General Associations Law, as applicable to jurisdiction over unincorporated associations, provides in part as follows: "The service of summons, subpoena or other legal process of any court upon the president, vice president, treasurer, assistant treasurer, secretary, assistant secretary, or business agent, *in his capacity as such* shall constitute service upon a labor organization. Such service shall be made on such individuals in the manner provided by law for the service of a summons on a natural person" (emphasis supplied).

There is no doubt that the appropriate officers of the Susquehanna Valley Teachers' Association were personally served with the necessary papers in this proceeding. However, the defendant associations contend that, inasmuch as such officers were named in the proceeding as individual defendants, they were not served as officers of the association. Nevertheless, paragraph three of the complaint indicates the representative capacity of several of the individual defendants and there is no doubt that they were served in their representative capacity as well as their individual capacity and that the papers would give notice to them of such service (see *Matter of Motor Haulage Co.* [*Teamsters' Union*], 298 N. Y. 208). Furthermore, the defendants moved for relief in the proceeding without any issue as to proper service and, accordingly, the court acquired jurisdiction in personam.

Upon the present record the defendants have failed to establish a lack of jurisdiction as to the Susquehanna Valley Teachers' Association. Defendants' contentions that the temporary restraining order should not have been issued without notice and that the preliminary injunction is unconstitutional are without any substantial merit (see *City of New York* v. *De Lury*, 23 N Y

2d 175, app. dsmd. 394 U. S. 455, reh. den. 396 U. S. 872; *Rankin* v. *Shanker,* 23 N Y 2d 111; *Matter of State of New York* v. *Fuller,* 31 A D 2d 71).

The record establishes that the plaintiff made a preliminary showing of immediate and irreparable injury which would result if the strike continued and there was no abuse of discretion on the part of Special Term in granting the preliminary injunction.

The order should be affirmed, with costs.

HERLIHY, P. J., COOKE, SWEENEY, KANE and MAIN, JJ., concur.
Order affirmed, with costs.